Filed 1/2/15  P. v. Lynch CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067486 |
| v. | (Super. Ct. No. VCF195886) |
| CHARLES BENJAMIN LYNCH, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Poochigian, J., and Detjen, J.

Defendant Charles Benjamin Lynch pled no contest to multiple counts arising from harm he inflicted on his girlfriend in 2007. He appeals the trial court's denial of his motion to strike or modify the fines and fees, asking that we strike two of the fines because the trial court failed to determine his ability to pay. We dismiss the appeal.

## PROCEDURAL SUMMARY

### Plea and Sentencing

On December 22, 2008, defendant pled no contest to 14 felony counts in return for a stipulated sentence of 19 years in state prison. On February 4, 2009, the trial court sentenced defendant to the 19-year term and ordered him to pay fines and fees totaling $12,080, as follows: a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)),[1] plus a suspended $10,000 parole revocation fine (§ 1202.45); a $280 court security fee (§ 1465.8); an $800 medical examination fee (§ 1203.1h, subd. (b)); and a $1,000 child abuse prevention restitution fine (§ 294, subd. (a)).

On February 18, 2009, the court held another sentencing hearing to modify the sentences on counts 13 and 14, changing them to one year each. Defendant was present and accompanied by counsel.

On March 24, 2009, an ex parte hearing was held to modify the February 18, 2009 minute order to reflect that the sentence on count 13 was modified to one year four months and count 14 was modified to one year four months with the four-month portion stayed, for a total term of two years four months on those two counts. The modifications brought the total sentence to 19 years again. Defendant was present and accompanied by counsel. The same day, an abstract of judgment reflecting these modifications was filed.[2]

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] We note that count 14 was recorded as a one-year term.

Defendant did not file a notice of appeal in 2009.

*Motion to Strike/Modify*

Four years later, on April 17, 2013, the trial court received defendant's pro per motion to strike/modify the fines/fees, based on his inability to pay.

On April 29, 2013, the court denied the motion without hearing or comment.

On June 4, 2013, defendant filed a notice of appeal of the denial of his motion to strike/modify the fines/fees.

*Notification by Department of Corrections and Rehabilitation*

Meanwhile, on May 2, 2013, a few days after the court denied defendant's motion to strike/modify the fines/fees, the trial court received a letter from the Department of Corrections and Rehabilitation, noting sentencing errors in the 2009 sentence and requesting that the trial court review the file and clarify the sentences. The letter cited *People v. Hill* (1986) 185 Cal.App.3d 831 and stated: "When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices."

On July 19, 2013, the trial court held a resentencing hearing. Defendant was present with his attorney. After some discussion, the hearing was continued to July 25, 2013.

On July 25, 2013, the resentencing hearing was held. Again, defendant was present with his attorney. The court agreed with defense counsel's proposed changes to correct the errors while retaining the 19-year sentence.

On August 5, 2013, an amended abstract of judgment was filed, reflecting modification of 11 terms.

## DISCUSSION

Defendant now contends that after his 2013 motion to strike/modify the fines/fees, the trial court erred in (1) failing to conduct a hearing on the motion and (2) failing to

3

make a determination of defendant's ability to pay the fines and fees. Defendant asks that we strike the $800 medical examination fee (§ 1203.1h, subd. (b)) and the $1,000 child abuse prevention restitution fine (§ 294, subd. (a)) because both required a finding of ability to pay.

The People respond that defendant's failure to object to the fines and fees at the time they were imposed in 2009 forfeits the claim on appeal. The People also argue that defendant's failure to file a notice of appeal in 2009 means we lack appellate jurisdiction to hear the case.

In reply, defendant explains that we have jurisdiction to hear the case because notification by the Department of Corrections and Rehabilitation on May 2, 2013, conferred jurisdiction on the trial court and allowed it to reconsider all its sentencing choices, including imposition of fines and fees. Defendant asserts that the present appeal is based entirely on the 2013 resentencing proceedings. Defendant further explains that he has not forfeited the issue by failing to object to the fines and fees at the 2009 sentencing hearing because the issue before us now is the 2013 resentencing, not the 2009 sentencing. He says he raised his objections by way of his motion to strike/modify the fines/fees filed on April 15, 2013.

We conclude that the trial court did not have jurisdiction to entertain defendant's motion to strike/modify the fines/fees when it denied the motion in 2013, and that defendant forfeited the issue by failing to raise it before the trial court when it did have jurisdiction. We explain in greater detail.

### Forfeiture in 2009

When the trial court initially sentenced defendant in 2009, he failed to object to the fines and fees. Shortly thereafter, he was resentenced twice. Both times he was present with counsel and both times he failed to object to the fines and fees. These failures to object would have forfeited the issue on appeal had defendant filed a notice of

4

appeal at that time. (*People v. McCullough* (2013) 56 Cal.4th 589, 593 ["'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal'"]; *id*. at p. 597 [defendant's failure to object in trial court forfeited argument that there was no evidence of his ability to pay booking fee].)

### *Lack of Jurisdiction to Hear Motion in 2013*

In 2013, when defendant did raise his challenge to the fees and fines, the trial court no longer had jurisdiction to hear the motion. Ordinarily, a trial court is deprived of jurisdiction to amend a sentence once the execution of that sentence has commenced. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) An exception to this general rule is found in section 1170, subdivision (d), but under that provision, resentencing must occur within 120 days: "[T]he court may, within 120 days of the date of commitment on its own motion, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d).)[3] Defendant raised his motion about four years after commencement of his sentence and therefore the trial court no longer had jurisdiction to modify the sentence.

### *Forfeiture after Jurisdiction Conferred*

Defendant argues, however, that the trial court's jurisdiction was restored when it received the letter from the Department of Corrections and Rehabilitation on May 2, 2013, only days after his motion was denied. We agree that this letter conferred jurisdiction on the trial court to reconsider its sentence under another exception in section 1170, subdivision (d): "[T]he court may, … at any time upon the recommendation of the secretary [of the Department of Corrections and Rehabilitation]

---

[3]  We quote from the 2009 version of the statute.

5

or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (See *People v. Hill, supra,* 185 Cal.App.3d at p. 834 ["When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices…. We see no reason why this reasoning should not apply where, as here, the Department of Corrections rather than the Court of Appeal notifies the trial court of an illegality in the sentence."].)

But, although the trial court had jurisdiction to reconsider the sentence in its entirety at this point in 2013, defendant again failed to raise the issue of fines and fees, despite being present and represented by counsel at two resentencing hearings. This failure again forfeited the issue on appeal. (*People v. McCullough, supra,* 56 Cal.4th at p. 593.)

Defendant argues that he had recently raised the issue in his motion to strike/modify the fines/fees, and therefore he did not forfeit the issue. But when he made that motion, the trial court had no jurisdiction to consider it. As an untimely motion, which the court had no jurisdiction to hear, the motion did not function to raise issues before the trial court at a later time when the court happened to gain jurisdiction. As a result, defendant did not raise the issue before the trial court and thus he has forfeited the issue on appeal.

Accordingly, this appeal does not raise a cognizable issue and must be dismissed.

## DISPOSITION

The appeal is dismissed.

6