Filed 8/10/16  P. v. Harrison CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E064549 |
| v. | (Super.Ct.No. FBA900492) |
| JAMIE ROZELLE HARRISON, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Dwight W. Moore, Judge.  Reversed with directions.

Michael A. Ramos, District Attorney, Brent J. Schultze, Deputy District Attorney, for Plaintiff and Appellant.

Law Offices of Allen G. Weinberg and Allen G. Weinberg for Defendant and Respondent.

Following a jury trial, defendant and respondent Jamie Rozelle Harrison filed an appeal.  (*People v. Harrison* (Aug. 14, 2014, E057917 [nonpub. opn.].)  This court upheld the trial court's denial of defendant's motion to dismiss one or more of her strike

1

convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, but found other sentencing errors. We remanded the matter for resentencing. At resentencing, defendant filed a second *Romero* motion, in light of *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*). The court granted it and struck one of defendant's prior strike convictions. The People now appeal the resentencing court's order, arguing that it was made in excess of the court's jurisdiction. Specifically, the People contend that since this court upheld the original court's denial of the *Romero* motion, the resentencing court had no jurisdiction to consider or grant another *Romero* motion. We agree with the People. Therefore, we reverse the order striking one of defendant's prior strike convictions under *Vargas*, *supra*, 59 Cal.4th 635 and remand for resentencing. In all other respects, we affirm.

## PROCEDURAL BACKGROUND[1]

A jury found defendant guilty of first degree residential burglary (Pen. Code, § 459, count 1), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 3), and transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a), count 5).[2] In a bifurcated hearing, a trial court found true the allegations that defendant had two prior strike convictions (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667,

---

[1] By order dated January 8, 2016, we granted requests for this court to take judicial notice of the record in *People v. Harrison*, *supra*, E057917. The procedural background is taken from this court's opinion in that case, unless otherwise noted.

[2] Count 4 was dismissed, and defendant was acquitted of count 2.

subds. (b)-(i)),[3] two prior serious felony convictions (§ 667, subd. (a)(1)), and that she had served one prior prison term (§ 667.5, subd. (b)).  Defendant's two prior strike convictions were for robbery (§ 211) and carjacking (§ 215, subd. (a)), both arising from the same case, case No. FBA007527.

Before defendant's first sentencing in 2012, she filed a *Romero* motion in the trial court, which the court denied.  The court proceeded to sentence defendant to a total term of 41 years four months to life.  This sentence consisted of the following:  on count 1, the court sentenced defendant to 36 years to life in prison, consisting of 25 years to life, pursuant to the three strikes law, plus two consecutive five-year prior serious felony enhancements (§ 667, subd. (a)(1)), and a consecutive one-year prison prior allegation (§ 667.5, subd. (b)).  On count 3, the court sentenced her to one-third the midterm of two years (eight months), doubled because of the strikes, plus one year for the prison prior (§ 667.5, subd. (b)), for two years four months.  On count 5, the court sentenced defendant to one-third the midterm of three years (one year), doubled because of the strikes, plus one year for the prison prior allegation (§ 667.5, subd. (b)), for three years.

Defendant filed an appeal and raised a number of sentencing issues, including that the trial court abused its discretion by refusing to strike one or both of her prior strike convictions.  When this court received and considered the briefs on appeal, the case of *Vargas*, *supra*, 59 Cal.4th 635 had not yet been decided.  The Supreme Court decided *Vargas* on July 10, 2014.  (*Vargas*, *supra*, 59 Cal.4th 635.)

---

[3] All further statutory references will be to the Penal Code, unless otherwise noted.

On August 14, 2014, this court affirmed the trial court's denial of the *Romero* motion, but found that the court had made other errors. Thus, we remanded the matter to the trial court for resentencing with directions.

On September 2, 2014, defendant filed a petition for rehearing in this court, requesting that a rehearing be granted in light of the *Vargas* decision. This court denied the petition for rehearing. Defendant then filed a petition for review with the California Supreme Court. The Supreme Court denied that petition on November 12, 2014. Its order read: "Petition for review denied without prejudice to filing a petition for a writ of habeas corpus in the superior court. (See *People v. Vargas* (2014) 59 Cal.4th 635, 649.)" (*People v. Harrison*, review denied Nov. 12, 2014, S221427.)

Following remittitur, the trial court had extensive discussions with the parties off the record on how to proceed. The next hearing on February 27, 2015, was held before a different judge. Defense counsel stated that the parties had already had discussions with the previous judge, and that that judge "wanted to hang on to the case to do sentencing." Defense counsel said he was going to submit a brief "on a recent case that came down that may affect [*sic*] earlier ruling with regard to the three strikes." He then asked for a further hearing. The court asked what the nature of the hearing was, and defense counsel stated it was on remittitur for sentencing issues. He added that the Court of Appeal (this court) told defendant it would not reconsider the three strikes issue, but said she "could bring it by way of special writ to the Superior Court." Defense counsel then stated: "When I mentioned that to the [previous] Judge, he said [he would] probably treat all issues before him." The court continued the hearing.

4

On March 23, 2015, defendant filed a *Romero* motion to strike a prior strike conviction, relying on *Vargas*, *supra*, 59 Cal.4th 635. Defendant attached copies of the police and probation reports relating to the underlying convictions. The People filed an opposition to defendant's motion, arguing that the trial court did not have jurisdiction to consider the motion.

The court held a hearing on July 31, 2015, and provided the parties with its tentative ruling, in which it determined that *Vargas*, *supra*, 59 Cal.4th 635 applied, and that defendant should be resentenced as a "second striker." At the outset of the hearing, the court noted that the People argued it should not be addressing the *Vargas* issue, and it stated, "From a purely technical procedural standpoint, the People may well be right." The court stated that the case was previously briefed and argued before *Vargas* was decided; thus, the issue was not raised at the appellate level. The court then stated that if defendant was to file a writ, it would ultimately be sent back to the trial court, "and we would be assembling the same group of people presently before this Court to deal with that issue." The court decided that, rather than "drag[ging] the matter on unnecessarily," it was going to resolve the issue that day. The People opposed the court's decision, but the court proceeded. It began by stating that *Vargas* held that two prior strikes could not be based upon the same act. In *Vargas*, the defendant had convictions for robbery and carjacking, and the robbery "was the same act in it's [*sic*] entirety, the carjacking," since the only thing taken was the vehicle. The court noted that the instant case was different in that the defendants robbed the victims of personal property inside their house, and then went outside and stole a car. However, the court stated that the crimes "ha[d] an act in

5

common, the use of violence," which was an element of both robbery and carjacking. After some discussion with counsel, the court again stated that the two crimes shared the same act, which was "the violence and threats against both victims." The court then noted that although the robbery and carjacking shared an act in common, they both involved separate acts, as well—the taking of the personal property and the taking of the car. Nonetheless, it concluded that *Vargas* applied here and ordered one of the prior strikes to be stricken. The court went on to reduce defendant from being a "third striker, subject to a life sentence, to a second striker, subject to having her sentence doubled." The court sentenced her as follows: on count 1, the court imposed six years, doubled because of the prior strike; on count 3, the court imposed the midterm of two years, doubled to four because of the strike, but stayed under section 654; on count 5, the court imposed one year, doubled because of the strike, plus, a five-year enhancement under section 667. The court imposed a total term of 19 years in state prison and awarded 3,382 days of credit for time served.

The People filed a timely notice of appeal on September 25, 2015.

ANALYSIS

I. The Resentencing Court Had No Jurisdiction to Grant the Second *Romero* Motion

The People argue that the trial court acted beyond its jurisdiction in considering defendant's *Romero* motion regarding the *Vargas* issue on remand. The People assert that defendant should have raised the issue by filing a petition for a writ of habeas corpus, as directed by the California Supreme Court. We agree.

6

In our prior decision, this court upheld the original sentencing court's denial of defendant's *Romero* motion. (*People v. Harrison*, *supra*, E057917.) However, we found other errors that needed to be corrected and remanded the matter for resentencing. Defendant then filed a petition for rehearing, which we denied. Subsequently, the California Supreme Court denied defendant's petition for review. Nonetheless, at a hearing on the remittitur, the resentencing court decided it was going to address and resolve the issue of whether *Vargas* applied, over the People's opposition. The court erred in doing so. Once this court returned jurisdiction to the trial court via remittitur, the trial court only had limited jurisdiction over the case. "After the remittitur 'the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, *and all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted.*' [Citation.] Thus, the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court.*" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366 (*Dutra*).) In other words, " '[w]here a reviewing court reverses a judgment with directions . . . the trial court is bound by the directions given and has *no authority to retry any other issue* or to make any other findings. Its authority is *limited wholly and solely to following the directions of the reviewing court.*'" (*Ibid.*, emphasis added.)

Here, our opinion enumerated the items to be corrected at resentencing. (*People v. Harrison*, *supra*, E057917, p. 20.) We did not order reconsideration of the *Romero* issue. To the contrary, in our opinion, we reviewed and affirmed the trial court's denial of defendant's *Romero* motion. Although defendant relied upon the recent case of *Vargas*,

7

*supra*, 59 Cal.4th 635, when making her motion to dismiss a strike at resentencing, she was not permitted to bring a second *Romero* motion. Moreover, the resentencing court had no jurisdiction or authority to consider it. "[W]hether the trial court believed our decision was right or wrong, or had been impaired by subsequent decisions, it was bound to follow the remittitur." (*Dutra*, *supra*, 145 Cal.App.4th at p. 1367.) The resentencing court's authority was limited solely to following this court's directions. (*Ibid*.)

Defendant simply claims that "[n]othing in this court's order remanding the matter for resentencing or the Supreme Court's denial of review so limited the trial court." However, she fails to address or analyze the law regarding adherence to a remittitur. Defendant does rely on one case in support of the trial court's actions herein: *People v. Hill* (1986) 185 Cal.App.3d 831, 834 (*Hill*). However, that case is inapposite because it fails to discuss the rule that a trial court must obey a remittitur. Moreover, *Hill* concerned resentencing on an aggregate term. The defendant in that case asserted that the trial court's initial sentence erroneously imposed a subordinate consecutive term on a certain count, and for that reason the Department of Corrections recommended recall and resentencing. On appeal, the defendant argued that the trial court should have modified the erroneous portion of the sentence only, rather than resentencing him entirely. (*Id*. at p. 833.) However, the trial court resentenced him under section 1170, subdivision (d), which provides that "a trial court, at any time upon the recommendation of the Director of Corrections, may recall a sentence and commitment and 'resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.'" (*Hill*, at p. 834.) Thus, since the

defendant's aggregate prison term had to be viewed as interdependent components, the invalidity of some of those components infected the entire sentence. (*Ibid*.) The sentencing issue in the instant case does not concern section 1170, subdivision (d). Moreover, *Hill* in no way supports defendant's claim that the trial court was permitted to not obey the remittitur.

Furthermore, we note that when the Supreme Court denied defendant's petition for review, it did so "without prejudice to filing a petition for a writ of habeas corpus in the superior court." (*People v. Harrison*, review denied Nov. 12, 2014, S221427.) Thus, defendant ignored the Supreme Court's direction to file a petition for a writ of habeas corpus.

Ultimately, the resentencing court had no jurisdiction to consider defendant's second *Romero* motion.

II. <u>The Resentencing Court Erred in Granting Defendant's Second *Romero* Motion</u>

The trial court determined that, since the matter had been remanded for resentencing, it was appropriate for it to consider the *Vargas* issue, rather than exalting form over substance and forcing defendant to file a petition for writ of habeas corpus. It reasoned that if defendant were to file a writ petition in the trial court, it would ultimately be sent back to the same court anyway. Assuming arguendo the trial court was correct, and in the interest of judicial economy, we will consider the merits of the court's ruling on defendant's second *Romero* motion. We conclude that the court erred in granting the motion.

A. *The Court Erred in Striking One of Defendant's Strikes Pursuant to Vargas*

The People argue that the resentencing court erred in granting defendant's *Romero* motion under *Vargas*, *supra*, 59 Cal.4th 635. Defendant contends that the court correctly applied *Vargas* to her case. We conclude that *Vargas* does not apply here.

In *Vargas*, *supra*, 59 Cal.4th 635, the Supreme Court held that when two prior strike convictions are based on the same act, the trial court is required to dismiss one of them. (*Id*. at p. 645.) There, the defendant had two prior strikes—carjacking and robbery—which were based on the same act of forcibly taking the victim's car. (*Ibid.*) The court noted that the two strikes were "based on the same act, committed at the same time, against the same victim." (*Id*. at p. 638.) The trial court used both convictions to sentence the defendant to a 25-year-to-life prison sentence. The Supreme Court determined that treating such a defendant "as a third strike offender[] was inconsistent with the intent underlying both the legislative and initiative versions of the Three Strikes law." (*Id*. at p. 645.) The Court explained "the voting public would reasonably have understood the 'Three Strikes' baseball metaphor to mean that a person would have three chances—three swings of the bat, if you will—before the harshest penalty could be imposed. The public also would have understood that no one can be called for two strikes on just one swing." (*Id.* at p. 646.)

The facts of defendant's prior convictions are distinguishable from the scenario considered in *Vargas*. Here, the parties stipulated that the court could consider the police reports as a factual basis for reaching a conclusion on the *Vargas* issue. The police reports showed that defendant and two cohorts committed a residential robbery. Lonny

10

M. reported that Melinda B. had been stabbed in the arm, that he had been assaulted with a candle and was bleeding, and that the suspects took his truck. The police report indicated that there were five people in the home when defendant and her cohorts entered. Lonny M. further reported that he and Melinda B. were sleeping in their bedroom when two of the suspects entered their bedroom. One of them held a gun to his head and demanded to know where he kept his money. Defendant asked Melinda B. and Lonny M. which one of their cars was working, and Melinda B. said that only Lonny M.'s truck worked. Defendant threatened to start "popping off" Melinda B.'s children if she was lying. One of the suspects went outside to start the truck. The other suspect had Lonny M. and Melinda B. put a PlayStation 2, DVD player, and a stereo receiver into a pillowcase. Defendant continued to demand money, grabbed Melinda B. by the hair, and started punching her in the face. The suspects then loaded the PlayStation, stereo, etc. into the back of Lonny M.'s truck and left. Defendant also stole some of Melinda B.'s jewelry.

After extensively reviewing the police reports and hearing arguments from counsel, the court found that at least two victims were assaulted (Lonny M. and Melinda B.), and then made the "factual finding" that the force used to effectuate the robbery (the taking of personal property) was the same force used to effectuate the carjacking (the taking of the truck). The court stated that both the robbery and the carjacking involved the same act—the use of force against the victims. The court acknowledged that the violence itself did not constitute the robbery or the carjacking, and stated that "not all of the acts of the two crimes were common." The court concluded that the violence and

11

threats against both victims was "the same act," and that, under *Vargas*, the same act could not be used to support two separate prior strikes. Thus, the court found that *Vargas* applied here and struck one of defendant's prior strikes. It then resentenced defendant as a "second striker" to a total of 19 years in state prison.

*Vargas* is distinguishable from the instant case because there was more than one act here. In *Vargas*, the defendant's robbery and carjacking convictions "were based on the *same act* of taking the victim's car by force." (*Vargas*, *supra*, 59 Cal.4th at p. 640, italics added.) In contrast, the court here acknowledged, "we have two crimes that have part of the act in common, but then *each involves separate acts*." (Italics added.) "Robbery is the felonious taking of personal property in the possession of another . . . accomplished by means of force or fear." (§ 211.) " 'Carjacking' is the felonious taking of a motor vehicle in the possession of another . . . accomplished by means of force or fear." (§ 215, subd. (a).) The robbery here involved the taking of personal property from inside the house, and the carjacking involved the taking of the car outside the house. The force used was simply the *means* by which the takings were accomplished. Thus, *Vargas* is not applicable.

Furthermore, the record shows, and the resentencing court acknowledged, that there were at least two victims here. It is clear the *Vargas* decision applies where a trial court is faced with prior convictions that arise out of a single act against a single victim. (*Vargas*, *supra*, 59 Cal.4th at p. 638.)

We note defendant's argument that she was not convicted of crimes against more than one victim, as she pled to counts 1 and 2 of the felony complaint filed on November

12

20, 2003, which alleged only Melinda B. as the victim in each count. However, in defendant's motion under *Romero* and *Vargas*, she stated that her plea to the prior convictions was entered prior to any preliminary hearing, and that it was assumed that the parties stipulated the court could consider the police reports as the factual basis. Accordingly, the parties stipulated that the resentencing court could consider the police reports as a factual basis for reaching a conclusion on the *Vargas* issue. Regardless of the pleadings, the facts showed that there was more than one victim. The police report stated that force was used against both Melinda B. and Lonny M. Furthermore, the jewelry stolen belonged to Melinda B., and the truck taken belonged to Lonny M.

In sum, the court erred in determining that defendant's two prior strike convictions arose from a single act. Moreover, since there was more than one victim, *Vargas* did not apply. As such, the court erred in striking one of defendant's prior strike convictions pursuant to *Vargas*. The court's resentencing order striking defendant's prior strike should be reversed. The matter is remanded for the court to resentence defendant under the three strikes law, and to ensure that the sentence still conforms with our previous opinion in *People v. Harrison* (Aug. 14, 2014, E057917 [nonpub. opn.]).

DISPOSITION

We reverse the trial court's order striking defendant's prior strike conviction under *People v. Vargas* (2014) 59 Cal.4th 635.  We order a limited remand for the trial court to resentence defendant under the three strikes law and ensure that the sentence conforms with our previous opinion in *People v. Harrison* (Aug. 14, 2014, E057917 [nonpub. opn.]).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

14