185 Cal.App.3d 831 (1986)
230 Cal. Rptr. 109
THE PEOPLE, Plaintiff and Respondent,
v.
STERLING HILL, Defendant and Appellant.
Docket No. B016757.
Court of Appeals of California, Second District, Division Five.
September 19, 1986.
*832 COUNSEL
Dennis E. Mulcahy, under appointment by the Court of Appeal, for Defendant and Appellant.
John K. Van de Kamp, Attorney General, Norman H. Sokolow and Patrick T. Brooks, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
ASHBY, Acting P.J.
Appellant Sterling Hill appeals from a resentencing he contends was erroneous. We find the trial court resentence proper and affirm the judgment.
*833 Appellant pleaded guilty to four counts of child molestation. (Pen. Code, § 288, subd. (a).)[1] These counts were numbered I, II, VI, and VII.[2] The molestations referred to in counts I and II were committed against the 13-year-old daughter of appellant's live-in girlfriend. Counts VI and VII refer to appellant's molestation of his own 11-year-old daughter.
The trial court originally sentenced appellant to a 16-year aggregate term. On count I, the principal term, the trial court sentenced appellant to the upper term of eight years. On count VI he was also given an eight-year term to run consecutively with count I. Appellant received midyear terms of six years each on counts II and VII, to run concurrently with count I.
Subsequently, the court was notified by the Department of Corrections that the sentence was erroneous.[3] According to the trial court's understanding of the error, the 16-year consecutive sentence was illegal; the maximum consecutive sentence for those 4 counts was 14 years.[4] The court resentenced appellant as follows: eight years on count I and one-third the midterm or two years on counts II, VI, and VII, to run consecutively to count I. On resentencing appellant received a total term of 14 years.[5]
Appellant contends that the trial court's initial sentence erroneously imposed a subordinate eight-year consecutive term on count VI, and for that reason the Department of Corrections recommended recall and resentencing. He maintains that the trial court should have modified the erroneous portion *834 of the sentence only, and that it was without authority to resentence on counts II and VII.
Under section 1170, subdivision (d), a trial court, at any time upon the recommendation of the Director of Corrections, may recall a sentence and commitment and "resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." On its face, section 1170, subdivision (d), counters appellant's argument. (See In re Acker (1984) 158 Cal. App.3d 888, 891 [205 Cal. Rptr. 82].)
No case has limited the scope of the court's sentencing discretion on a section 1170, subdivision (d), recall in the manner argued by appellant. In fact under other sentencing circumstances the trial court would have the authority to impose the sentence appellant challenges on appeal. (1) When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. (People v. Savala (1983) 147 Cal. App.3d 63, 68-69 [195 Cal. Rptr. 193], disapproved by the same division on another ground in People v. Foley (1985) 170 Cal. App.3d 1039, 1044 [216 Cal. Rptr. 865]; see People v. Alvarado (1982) 133 Cal. App.3d 1003, 1029 [184 Cal. Rptr. 483], and People v. Gutierrez (1980) 109 Cal. App.3d 230, 233 [167 Cal. Rptr. 162].) This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme. (People v. Savala, supra, 147 Cal. App.3d at pp. 68-70.) (2) We see no reason why this reasoning should not apply where, as here, the Department of Corrections rather than the Court of Appeal notifies the trial court of an illegality in the sentence. The trial court is entitled to rethink the entire sentence to achieve its original and presumably unchanged goal. Furthermore, there is no contradiction between viewing an aggregate sentence as a whole and the language of section 1170, subdivision (d), which permits resentencing.
Appellant relies on Wilson v. Superior Court (1980) 108 Cal. App.3d 816 [166 Cal. Rptr. 795], and People v. Pitmon (1985) 170 Cal. App.3d 38 [216 Cal. Rptr. 221]. Wilson did not concern an aggregate sentence. The court in Pitmon found the sentence on one of nine counts to be unauthorized and ordered the trial court to resentence the defendant on that count. (People v. Pitmon, supra, 170 Cal. App.3d at p. 44, fn. 2, & p. 55.) The opinion does not fully support appellant's position, however. The court did not discuss the issue of whether the entire sentence was void. Furthermore, the court, in ordering a new sentence on count IX only, relied on People v. Serrato (1973) 9 Cal.3d 753, 764 [109 Cal. Rptr. 65, 512 P.2d 289]. Serrato *835 discusses void sentences in general terms only. The Serrato court did not resolve the issue before this court, i.e., whether an aggregate sentence can be void in part or if it is void in toto. Appellant's cases do not persuade us that the trial court erred in resentencing. To paraphrase the court in Savala, supra, 147 Cal. App.3d at page 69, appellant is trying to keep favorable aspects of the first sentence and to eliminate unfavorable aspects. He is not entitled to such favor and we, like the courts mentioned therein, refuse to sanction his effort.
Appellant next argues that even if the court had the authority to do more than merely strike the void portion of the initial sentence, it was without authority to change the terms on counts II and VII from concurrent to consecutive. Appellant cites People v. Ali (1967) 66 Cal.2d 277 [57 Cal. Rptr. 348, 424 P.2d 932], and People v. Drake (1981) 123 Cal. App.3d 59 [176 Cal. Rptr. 186].
In People v. Drake, supra, 123 Cal. App.3d 59, the defendant pleaded guilty to 14 counts. The trial court originally sentenced him to the midterm, three years, on the principal count and ordered the subordinate terms to be partially stayed and partially served consecutively, which added another seven years. The aggregate term was 10 years. Approximately two weeks later the trial court, realizing that the sentence violated the statutory requirement that the total term must not exceed twice the base term, increased the principal term to the upper term of five years. The trial court resentenced on the subordinate terms, again bringing the aggregate term to 10 years. The Drake court held that the second sentence was void; the trial court was without jurisdiction to increase the principal term because at the time the initial sentence was imposed the court did not make findings in aggravation. The Drake court held that the initial sentence was also void, at least in part,[6] because the aggregate was greater than twice the base term. The case was not remanded for resentencing, however. The Drake court resentenced appellant, choosing to modify the initial sentence and impose a six-year aggregate term.
Drake, supra, 123 Cal. App.3d 59, did not involve a change from concurrent to consecutive terms. Furthermore, the trial court was without jurisdiction to resentence. The court below had statutory jurisdiction to resentence appellant. Thus, Drake is not controlling.
*836 The appeal in People v. Ali, supra, 66 Cal.2d 277, was taken from the defendant's second trial. After the first conviction, he received three concurrent terms. The judgment was vacated on appeal. Upon retrial, he received three consecutive terms. (66 Cal.2d at p. 281.) Increasing a sentence upon retrial after a successful appeal or grant of a writ of habeas corpus had already been held to violate double jeopardy. (People v. Henderson (1963) 60 Cal.2d 482 [35 Cal. Rptr. 77, 386 P.2d 677]; In re Ferguson (1965) 233 Cal. App.2d 79 [43 Cal. Rptr. 425].) The Supreme Court found that consecutive sentencing of the defendant upon retrial was an indirect method of increasing his punishment and modified the sentence to run concurrently. (People v. Ali, supra, 66 Cal.2d at pp. 281-282.)
First, appellant cannot contend that his aggregate sentence was increased upon resentencing. It was not.
Second, the cases cited above are distinguishable. The Ali, supra, 66 Cal.2d 277, Henderson, supra, 60 Cal.2d 482, and Ferguson, supra, 233 Cal. App.2d 79, courts found that increased sentences violate double jeopardy because the possibility of greater punishment impairs the right of appeal from an erroneous judgment. The distinction between resentencing upon retrial necessitated by an error not involving the sentence and resentencing necessitated by the illegality of the initial sentence is recognized. (People v. Serrato, supra, 9 Cal.3d 753, 764, disapproved on another ground in People v. Fosselman (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal. Rptr. 855, 659 P.2d 1144]; People v. Savala, supra, 147 Cal. App.3d at pp. 66-67.) (3) An unauthorized sentence may be set aside judicially and a proper judgment may be imposed at that time even if it is more severe than the original unauthorized sentence. (People v. Serrato, supra, 9 Cal.3d at p. 764; In re Ricky H. (1981) 30 Cal.3d 176, 191 [178 Cal. Rptr. 324, 636 P.2d 13].)[7] Appellant's initial sentence was illegal and therefore void. Upon recall the trial court had the jurisdiction to impose a sentence which it could have imposed at the time the original sentence was given. This brings us to appellant's final contention.
Appellant maintains that the trial court erred by resentencing consecutively on the subordinate terms, counts II, VI, and VII. He relies on section 1170.1, subdivision (a), which provides that the total of subordinate terms for consecutive offenses which are not violent felonies as defined in section 667.5, subdivision (c), must not exceed five years. Appellant's consecutive, subordinate terms total six years. Section 288, however, is defined as a violent felony by section 667.5, subdivision (c). There is no error in the sentence on this ground.
*837 The judgment is affirmed and the trial court is directed to correct the abstract of judgment in accordance with this opinion.
Hastings, J., and Eagleson, J., concurred.
NOTES
[1] All statutory references are to the Penal Code.
[2] Appellant was additionally charged with one count of oral copulation with a person under 14 (§ 288a, subd. (c)) and two counts of forcible rape (§ 261, subd. (2)) against his girlfriend's daughter. These counts were dismissed on the People's motion.
[3] The notification is established in the reporter's transcript of the resentencing hearing and by affidavit of appellant's trial counsel. The record contains no copy of the actual notice. It is undisputed by the parties that the trial court had jurisdiction to resentence pursuant to section 1170, subdivision (d).
[4] Apparently the trial court originally sentenced pursuant to section 667.6, subdivision (d), which allows full consecutive terms for certain sex offenses. Section 288, subdivision (b), is among the section 667.6, subdivision (d), offenses. Appellant, however, was convicted of violating section 288, subdivision (a). He should have been sentenced in accordance with section 1170.1, subdivision (a). Under that section the subordinate term for each consecutive offense can be no greater than one-third of the middle term of imprisonment for each conviction.

In addition, section 1170.1, subdivision (a), distinguishes violent felonies and nonviolent felonies to limit the total of subordinate, consecutive terms to under five years for offenses not defined as violent felonies by section 667.5, subdivision (c). Appellant contends that his current sentence violates that prohibition. This contention is discussed in the text, infra.
[5] The abstract of judgment inaccurately reflects the stage at which the court imposed the 14-year term. The abstract shows that the 14-year sentence was imposed "at initial sentencing hearing" rather than "at resentencing pursuant to recall of commitment [Pen. Code, § 1170, subd. (d)]." We order the abstract corrected to reflect the true facts. (In re Candelario (1970) 3 Cal.3d 702, 705 [91 Cal. Rptr. 497, 477 P.2d 729].)
[6] Appellant does not cite People v. Drake, supra, 123 Cal. App.3d 59, as authority for his first argument, that the trial court had authority to resentence only that portion of his initial sentence which was void. Drake was cited for that proposition in People v. Burns (1984) 158 Cal. App.3d 1178, 1183, footnote 6 [205 Cal. Rptr. 356]. We agree with the Burns court, however, that Savala, supra, 147 Cal. App.3d 63, is more persuasive, and the rule established there results in sentences which are appropriate to the circumstances of the case, as adjudged by the sentencing court.
[7] Where a trial court acts under the jurisdiction provided by section 1170, subdivision (d), however, the new sentence can be no greater than the initial one.