Filed 8/25/20  P. v. Pinho CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KEVIN MICHAEL PINHO,<br><br>        Defendant and Appellant. | A157247<br><br>(Del Norte County<br>Super. Ct. No. CRF 19-9044) |

Following a jury trial, Kevin Michael Pinho was convicted of driving or taking a vehicle without consent and sentenced to seven years in state prison. On appeal, he contends (1) a one-year sentence enhancement due to his service of a prior term in prison must be stricken due to a recent amendment to Penal Code[1] section 667.5, subdivision (b); and (2) his trial counsel was ineffective for failing to object to the imposition of fines, fees, and assessments.  We agree the prior prison term enhancement must be stricken and remand for resentencing.

## BACKGROUND

In July 2018, California Highway Patrol (CHP) Officer Tyler Krueger and his partner were patrolling Highway 101, just south of the Oregon border.  They pulled over a van going above the speed limit.  The driver,

---

[1] All undesignated statutory references are to the Penal Code.

identified as Pinho by Officer Krueger at trial, did not have a driver's license, proof of insurance, or vehicle registration. He gave Officer Krueger a couple of different names and driver's license numbers, none of which could be verified through CHP dispatch. Pinho said his aunt loaned him the van.

When the officers were unable to confirm Pinho's identity, they placed him under arrest and began an inventory search of the van. During the search, Pinho fled. Officer Krueger chased him on foot and detained him about a quarter of a mile from the traffic stop.

CHP officers found paperwork in the van indicating it was registered to Robert H. in Eugene, Oregon. When he was contacted, Robert H. told officers that he was in the process of reporting the vehicle as stolen. At trial, Jennifer H., the van's coowner, said she had parked the van in the driveway of her home in Port Orford, Oregon and left the keys in the cup holder. The next morning, the van was missing and she reported it stolen. She did not know Pinho and had not given anyone permission to drive the van.

Pinho testified that around the time of his arrest, his mother called him in Port Orford and asked for help with his father, who was in the hospital in Eureka suffering from late-stage leukemia. An aunt told him he could borrow a vehicle that she had to drive to Eureka. She gave him keys to a van, which she said she borrowed from an acquaintance.

Pinho testified that he did not steal the van and that his willingness to pull over showed that he did not know the van was stolen. He lied about his identity to Officer Krueger because he was on parole in Oregon, and if arrested, he would not have been able to see his father before he died. He fled after arrest because he was not in the "right state of mind" due to the stressful situation with his father.

Pinho was charged with felony driving or taking a vehicle without consent under Vehicle Code section 10851, subdivision (a), and six misdemeanor offenses. The information alleged a sentence enhancement pursuant to section 667.5, subdivision (b) because Pinho had served a prior term in prison, and another enhancement for his conviction of a prior strike offense pursuant to section 1170.12, subdivision (c)(1). Both were based on a 2007 robbery conviction. Pinho admitted six misdemeanor offenses and went to trial on the felony charge. The jury found him guilty.

The trial court sentenced Pinho to seven years in state prison. It imposed the aggravated term of three years, doubled for the prior strike pursuant to section 1170.12, subdivision (c)(1). It also imposed a one-year enhancement pursuant to section 667.5, subdivision (b) for Pinho's prior prison term. The sentences for the misdemeanors ranged from three months to one year each to run concurrently. The court imposed $344 in restitution to Jennifer H., as well as a $40 court security fee (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), and a $300 restitution fine (§ 1202.4, subd. (b).) Pinho appeals.

## DISCUSSION

### A. Senate Bill No. 136

Pinho contends that, following the enactment of Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136), his one-year enhancement for a prior term in prison pursuant to section 667.5, subdivision (b) must be stricken.

Senate Bill 136, which became effective on January 1, 2020, amended section 667.5, subdivision (b) to limit the enhancement to prior imprisonment for specified sexually violent offenses. (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 340–341.)

The parties agree that Pinho's prior imprisonment for burglary no longer qualifies under section 667.5, subdivision (b), so his prior prison term enhancement must be stricken. We also agree. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 681–682.) Accordingly, Pinho's one-year prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) is stricken.

The People state that we should remand for full resentencing because the court did not impose the maximum possible sentence, as indicated by the concurrent sentences imposed for the six misdemeanors. Pinho asserts no view regarding a possible remand. "[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Remand for resentencing is proper.

## B.    Ineffective Assistance of Counsel

Pinho contends his trial counsel provided deficient representation by failing to object to the imposition of fines, fees or assessments at sentencing. He contends at the time of sentencing, controlling law required a hearing on his ability to pay prior to the imposition of such fines and assessments, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157. In *Dueñas*, the court held an indigent defendant, who was a homeless mother of two young children and suffered from cerebral palsy with a history of unpaid court-ordered assessments, was entitled to a hearing on her ability to pay before the trial court imposed new assessments, fees, and fines. (*Id.* at pp. 1160–1161, 1168.) Pinho states that reasonably competent counsel would have invoked *Dueñas* and requested the trial court to strike the restitution fine, criminal conviction

4

assessment, and court operations fee because the record showed he had no ability to pay them.

In light of our remand for full resentencing, we shall not address Pinho's ineffective assistance claim. On remand, Pinho is free to assert the arguments he believes his trial attorney should have made. (See *People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme."].)

## DISPOSITION

The one-year sentence enhancement imposed pursuant to section 667.5, subdivision (b) is stricken and this case is remanded for resentencing. On remand, Pinho may object to the imposition of fines, fees, and assessments imposed by the trial court and request a hearing on his inability to pay them. After resentencing Pinho, the trial court is directed to issue an amended abstract of judgment and forward a certified copy thereof to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

$\qquad\qquad$ _____
$\qquad\qquad\qquad$ Siggins, P. J.

We concur:

_____
Petrou, J.

_____
Jackson, J.

A157247
*People v. Pinho*