Filed 9/25/20  P. v. Loredo CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B301533 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA066378) |
| v. | |
| BRANDON LOREDO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Reversed in part with directions.

————————

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, and Annalee Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Brandon Loredo, also known as Brandon Beau Gonzalez,[1] of attempted premeditated murder and assault with a deadly weapon, and found true special allegations that Loredo committed these offenses for the benefit of a criminal street gang, personally used a deadly weapon, and personally inflicted great bodily injury.  The court sentenced him to 15 years to life for the premeditated attempted murder conviction, plus 10 years for the gang enhancement, three years for the great bodily injury enhancement, and two years for the deadly weapon enhancement, all to be served consecutively.

Several years later, the California Department of Corrections and Rehabilitation (the CDCR) sent the trial court a letter identifying, based on the CDCR's review of the abstract of judgment and sentencing transcript, two potential errors in Loredo's sentence. The letter asked the court to "review [the court's] file to determine if a correction is required."

In response to the CDCR's letter, the court held a hearing and ultimately concluded that only one of the issues identified in the letter—imposition of an inapplicable deadly weapon enhancement—required correction.

At the hearing, the court also denied a motion by Loredo to strike the gang enhancement—an issue *not* raised in the CDCR's letter—in the interest of justice under Penal Code[2] section 1170, subdivision (d)(1).  (See § 1170, subd. (d)(1) [permitting resentencing on the recommendation of, inter alia, the CDCR, to "reduce a defendant's term of imprisonment . . . if it is in the interest of

---

[1] According to appellant's birth certificate, his name is Brandon Beau Gonzalez.

[2] Subsequent statutory references are to the Penal Code.

2

justice"].)  In denying the motion, the court noted that the CDCR was "not asking for recall of the sentence.  I am not recalling the sentence . . . .  I am correcting th[e] error . . . which was pointed out by [the CDCR]."

The court ordered an amended abstract of judgment reflecting dismissal of the deadly weapon allegation and an accordingly reduced sentence.  The amended abstract of judgment reflects a life sentence plus three years for the great body injury enhancement and 10 years for the gang enhancement, all to be served consecutively.  The abstract expressly states Loredo must serve a minimum of 15 years before he can be eligible for parole.

## DISCUSSION

On appeal, Loredo challenges only the court's refusal to strike the gang enhancement.  He argues that, when a court imposes a life sentence with a 15-year mandatory minimum under section 186.22, subdivision (b)(5), the plain language of the statute does not permit a court to add a section 186.22, subdivision (b)(1)(C) gang enhancement.  Respondent agrees, as do we.

As a preliminary matter, "where, as here, [CDCR] . . . notifies the trial court of an illegality in the sentence," "[t]he trial court is entitled to consider the entire sentence[e]" and "may reconsider all sentencing choices."  (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; see § 1170, subd. (d).)  That the court only had occasion to consider Loredo's motion because of the CDCR's letter does not limit the court's authority to consider errors not discussed in that letter.  Loredo did not identify for the trial court the error in statutory interpretation on which his appeal is based.[3]  Nevertheless, an

_____

[3] Rather, Loredo based his motion to strike the gang enhancement on Loredo's postconviction conduct and his age at

3

argument that a sentence "could not lawfully be imposed under any circumstance in the particular case" and is thus "unauthorized" creates a "narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).)

As to the merits of Loredo's argument on appeal, the gang enhancement must be stricken as an "unauthorized sentence." (*Scott, supra,* 9 Cal.4th at p. 354.) Section 186.22, subdivision (b)(1) requires certain sentencing enhancements, including the gang enhancement imposed here, "*[e]xcept* as provided in [section 186.22, subdivision (b)(4) & (5)]." (§ 186.22, subd. (b)(1), italics added.) This exception applies to Loredo, who, as required by section 186.22, subdivision (b)(5), was sentenced to serve a minimum of 15 years without the possibility of parole. (See § 186.22, subd. (b)(5) ["any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served"]; see §§ 190, 664 [attempted murder punishable by imprisonment in state prison].) "Where, as here, a defendant is sentenced to an indeterminate life term for attempted murder, the 15-year parole eligibility provision of section 186.22, subdivision (b)(5) applies rather than the 10-year gang enhancement." (*People v. Arauz* (2012) 210 Cal.App.4th 1394, 1404–1405; see *People v. Lopez* (2005) 34 Cal.4th 1002, 1011 ["the plain language of section 186.22[, subdivision] (b)(5) governs . . . the Court of Appeal erred in applying the 10–year gang enhancement to defendant's first degree murder conviction"].)

the time he committed the crimes under *People v. Franklin* (2016) 63 Cal.4th 261.

Thus, the sentence reflected in the amended abstract of judgment is unauthorized to the extent it includes a 10-year gang enhancement under section 186.22, subdivision (b)(1)(C).  Accordingly, the gang enhancement must be stricken and a further amended abstract of judgment must issue.

## DISPOSITION

The court's order is reversed to the extent it denies Loredo's motion to strike the gang enhancement imposed pursuant to section 186.22, subdivision (b)(1)(C).  The trial court is directed to issue a new order granting the motion to strike the gang enhancement, to amend the abstract of judgment in accordance with this opinion, and to forward a certified copy of the amended judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

SINANIAN, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.