Filed 11/3/20  P. v. Shaw CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON MACKENZIE SHAW,<br><br>    Defendant and Appellant. | 2d Crim. No. B303360<br>(Super. Ct. No. 2018029461)<br>(Ventura County) |

Appellant Jason Mackenzie Shaw used another person's identification to purchase a vehicle at a dealership.  Pursuant to a plea agreement, appellant pled guilty to unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)) and possession of personal identification information of another (Pen. Code, § 530.5, subd.

(c)(2)).  Appellant also admitted two prior felony prison term allegations.  (§ 667.5, subd. (b).)[1]

Appellant's negotiated 28-month jail sentence consists of the low term of 16 months on the Vehicle Code section 10851 violation, a concurrent 16-month sentence on the identity theft conviction (§ 530.5, subd. (c)(2)), plus a consecutive one-year prior felony prison term enhancement under section 667.5(b).  The court struck the second enhancement and dismissed a receiving stolen property count (§496d, subd. (a).)

Effective January 1, 2020, Senate Bill No. 136 (S.B. 136) amended section 667.5(b) to apply only when the prior prison term was served for a sexually violent offense.  (*Ibid.*; see SB 136 (2019-2020 Reg. Sess.) § 1.)  The new statute applies to nonfinal judgments on appeal.  (*People v. Winn* (2020) 44 Cal.App.5th 859, 872-873.)  Appellant contends, and the Attorney General concedes, the one-year enhancement must be stricken pursuant to S.B. 136 and section 667.5(b).  We accept this concession and order the trial court to strike the enhancement.

DISCUSSION

Although the parties agree the enhancement must be stricken, they disagree as to whether a remand for resentencing is required.  The People claim the trial court should be allowed to reconsider its sentencing options following the striking of the enhancement.  (See *People v. Hill* (1986) 185 Cal.App.3d 831, 834.)  We agree with the People.

Relying upon *People v. Matthews* (2020) 47 Cal.App.5th 857 (*Matthews*), appellant argues that where, as here, the parties

---

[1] All statutory references are to the Penal Code unless otherwise stated.  Further references to this statute shall be shortened to "section 667.5(b).")

enter into a negotiated plea agreement, the defendant is entitled to the benefit of that bargain even if an enhancement must be stricken. In his plea agreement, appellant acknowledged he "could be sentenced to . . . state prison for a maximum possible term of 5 years, 5 months." The record reflects the parties agreed to the 28-month sentence either before or at the early disposition hearing. The trial court approved the overall sentence in the "Court's Position on Sentence" portion of the plea agreement. (All caps. omitted.) Rather than structure the sentence themselves, the parties left that to the trial court. Finding no other way to structure it, the court memorialized the offer made to appellant and imposed "28 months felony jail; no mandatory supervision; midterm of 16 months on Count 1. On Count 3, [§] 530.5(c), low term, 16 months concurrent; propose [667.5(b)] prior, 28 months felony jail." The court also struck three additional prison prior enhancements.

In contrast, the plea agreement in *Matthews* required the trial court to impose a specific stipulated sentence for each offense, plus four one-year section 667.5(b) enhancements. (*Matthews*, *supra*, 47 Cal.App.5th at pp. 867-868.) The Court of Appeal determined "the trial court cannot, in striking the enhancements invalidated by [S.B.]136, . . . reconsider other aspects of the sentences the defendant and the People specifically agreed to under the plea agreements." (*Matthews*, at p. 869.) It explained that in "'a negotiated plea the trial court may approve or reject the parties' agreement, but the court may not attempt to secure such a plea by stepping into the role of the prosecutor, nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved.' [Citation.]" (*Id*. at p. 867, italics omitted.) The court ordered that

3

the section 667(b) enhancements be stricken but left intact "the remainder of the sentence[] imposed under the plea agreement[]." (*Id.* at p. 869.)

Unlike in *Matthews,* appellant's plea agreement provides for the stipulated 28-month term, but does not specify its calculation. The prosecutor informed the trial court the parties "were in agreement for the 28 months sentence . . . however, the court wants to structure it." Since the court, not the parties, selected the sentencing options, this case falls outside the *Matthews* holding. (See *Matthews*, *supra*, 47 Cal.App.5th at pp. 867-869.)

## DISPOSITION

The sentence is vacated. On remand, the trial court shall strike the one-year section 667.5(b) enhancement and resentence appellant. Appellant's new sentence may not exceed his previous 28-month sentence. The court shall notify the California Department of Corrections and Rehabilitation or any other appropriate agency of the modified sentence.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.          TANGEMAN, J.

4

Bruce A. Young, Judge
Superior Court County of Ventura
_____


Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithy, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Stacy S. Schwartz, Deputy Attorney General.