Filed 3/18/22  P. v. Brown CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B312897 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA109769) |
| v. | |
| BERNARD BROWN, JR., | |
| Defendant and Appellant. | |

THE COURT:

Bernard Brown, Jr. appeals the judgment following resentencing on remittitur.  We appointed counsel to represent appellant on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.  Appellant filed his own supplemental brief, in propria persona.

## BACKGROUND[1]

In the early morning hours of June 25, 2018, appellant entered the gated parking garage of an apartment complex and broke into three vehicles parked next to each other (counts 1, 4 and 5). Various items were missing from each car, including a Louis Vuitton wallet and other wallets containing debit and credit cards. Within hours of the burglaries, surveillance video at a Target store recorded appellant using the credit/debit cards of two of the victims to make a purchase. On his arrest a few weeks later, appellant was found in possession of the Louis Vuitton wallet and a device used for breaking car windows. He was wearing shoes with distinctive shoelaces matching those of the person in the video, and his tattoos were consistent with the tattoos visible on the subject of the surveillance video.

Appellant was convicted following a jury trial of four counts of first degree residential burglary (counts 1, 2, 4, and 5; Pen. Code,[2] § 459) and one count of driving or taking a vehicle without consent (count 3; Veh. Code, § 10851, subd. (a)). Appellant admitted two prior serious felony convictions that qualified as strikes. The trial court found no justification to strike the prior

---

[1] The factual background is summarized from our prior opinion in appellant's direct appeal. (*People v. Brown* (Aug. 24, 2020, B295442) [nonpub. opn.].) Because appellant challenged only his burglary convictions on counts 1, 4, and 5 of the five-count information filed on October 3, 2018, we omitted recitation of the facts underlying the two separate offenses charged in counts 2 and 3.

[2] Undesignated statutory references are to the Penal Code.

strikes, and sentenced appellant to a term of 64 years to life in state prison.[3]

On direct appeal, the parties agreed that the convictions on counts 4 and 5 for first degree residential burglary should be reduced to second degree burglary, and the matter remanded to the trial court for resentencing. We agreed and modified the judgment to reduce appellant's convictions in counts 4 and 5 to second degree burglary. We directed the trial court that upon resentencing it may reexamine all of its sentencing choices in consideration of the entire sentencing scheme. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The

---

[3] The sentence consisted of two consecutive terms of 25 years to life on counts 1 and 2 and two concurrent terms of 25 years to life on counts 4 and 5 for a total indeterminate term of 50 years to life. The court also imposed a determinate term of 14 years, consisting of the low term of two years, doubled to four years for the strike (Pen. Code, §§ 667, subd. (b)–(i), 1170.12) on count 3, plus five years for the prior serious felony conviction under section 667, subdivision (a)(1), doubled to ten years for the strike (§§ 667, subd. (b)–(i), 1170.12). (This portion of the sentence was technically incorrect: appellant had admitted *two* prior serious felony convictions, and the 10-year enhancement should have been imposed as two five-year enhancements under section 667, subdivision (a)(1).) In addition, the trial court noted that appellant had already been found in violation of probation in Los Angeles Superior Court case No. NA105258, and reimposed the previously imposed sentence of 12 years 4 months to run concurrent with the 14-year determinative sentence in the present case.

invalidity of one component infects the entire scheme"]; *People v. Bautista* (2005) 129 Cal.App.4th 1431, 1438.)

As modified, and in all other respects, we affirmed the judgment of conviction, rejecting appellant's substantial evidence challenge to count 5 and his contention that section 654 prohibits separate punishments for counts 1, 4 and 5.

On remand for resentencing, appellant requested that the trial court reconsider striking the prior strike convictions in the interests of justice and also follow the Los Angeles County District Attorney's directives to deputy district attorneys with regard to charging prior strikes, enhancements, and prior felony convictions. The trial court declined to take the directives into account, but did reconsider imposition of the strikes and prior serious felony enhancement.

The trial court resentenced appellant to a term of 25 years to life plus a determinate term of 12 years 8 months.[4]

---

[4] The trial court resentenced appellant as follows: (1) on count 1, the court struck one of the prior strike convictions and imposed the middle term of four years, doubled to eight years for the remaining strike (Pen. Code, §§ 667, subd. (b)–(i), 1170.12); (2) the court struck the two five-year prior serious felony enhancements under section 667, subdivision (a)(1); (3) on count 2, the trial court declined to strike the two strikes, and imposed an indeterminate term of 25 years to life; (4) as to count 3, the court imposed a consecutive term of one-third the midterm for one year, doubled to two years; (5) the court resentenced appellant on count 4 to a consecutive term of eight months (one-third the midterm of two years), doubled to 16 months (§§ 667, subd. (b)–(i), 1170.12); and (6) on count 5 the court imposed another consecutive term of eight months (one-third the midterm

## DISCUSSION

Appellant raises two issues in his supplemental brief: (1) He is entitled to a new trial under Penal Code section 1181, subdivision 8, on the basis of newly discovered evidence, and (2) in light of this court's reduction of appellant's convictions in counts 4 and 5 to second degree burglary, the evidence must be deemed insufficient to support a conviction for first degree burglary in count 2. These contentions lack merit.

1. *Appellant is not entitled to a new trial.*

The fact is, appellant never made a motion for a new trial in the trial court. There can be no error when no motion for new trial was filed or orally requested. Failure to move for a new trial prior to pronouncement of judgment constitutes a waiver of the right to a new trial. (*People v. Braxton* (2004) 34 Cal.4th 798, 813–815.) Moreover, appellant did not indicate to the trial court any possible grounds for a new trial, nor has he identified the new evidence upon which his argument for a new trial on appeal rests. A defendant must specify the grounds relied upon in making a motion for new trial in the trial court: The failure to do so forfeits the issue for appeal. (*People v. Gonzales and Soliz* (2011) 52 Cal.4th 254, 332.)

2. *Appellant forfeited his right to substantial evidence review in this appeal following resentencing.*

Appellant has never challenged the sufficiency of the evidence supporting his conviction on count 2, which was based on a completely separate burglary at another time and location.

---

of two years), doubled to 16 months (§§ 667, subd. (b)–(i), 1170.12). Finally, the trial court reimposed the 12-year 8-month term in Los Angeles Superior Court case No. NA105258 to run concurrent with the determinate term in the instant case.

He expressly did not raise any issue with respect to this count in his direct appeal from the judgment of conviction, nor did he attempt to do so in the trial court on remand.  Accordingly, he may not raise for the first time in this appeal from resentencing on counts 4 and 5 any claim that substantial evidence does not support a conviction on count 2.  (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["we hold that complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].)

Based on our examination of the entire record we are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.

6