Filed 2/28/24  P. v. Smith CA1/1
Opinion following rehearing

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH A. SMITH,<br><br>　　　Defendant and Appellant. | A166175<br><br>(San Francisco City & County Super. Ct. No. 12025705) |

### MEMORANDUM OPINION[1]

Defendant appeals from his resentencing on a Penal Code[2] section 1172.6 petition.  After the parties stipulated to vacate defendant's voluntary manslaughter conviction, the trial court redesignated the conviction as one for shooting at an occupied vehicle and resentenced defendant.  On appeal, defendant contends the trial court committed three errors: (1) it imposed an upper term sentence based on aggravating factors that had not been stipulated to by defendant, proven to a factfinder beyond a reasonable doubt, or established by a certified record of conviction; (2) it violated his rights to

---

[1] This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

[2] All statutory references are to the Penal Code unless otherwise indicated.

due process and against double jeopardy by selecting his conviction for assault with a semiautomatic firearm as the principal term; and (3) insufficient evidence supported redesignation of his vacated voluntary manslaughter conviction as the target felony of shooting at an occupied vehicle. Because we agree with defendant's third contention, we will reverse, vacate his sentence, and remand for a full resentencing. We therefore need not, and do not, address defendant's other contentions.

## BACKGROUND[3]

### *March 2012 Shooting*

On March 30, 2012, police responded to a report of a deceased man, Diondre Young, at 403 Main Street in San Francisco. Young had sustained multiple gunshot wounds, and shards of auto glass covered his body.

An anonymous witness saw the shooting. She had been at a club known as "330 Ritch" (the club). When she left, she saw Young sitting in the passenger seat of a white BMW as it passed by. She then saw someone with a black automatic handgun run up along the passenger side of the car and fire into the passenger side five to seven times. She described the shooter as a Black male with dark hair, 30 to 40 years old, approximately five feet eight inches tall and 150 pounds, wearing a black coat ("a hoodie, . . . rain-type jacket"), black pants, and shoes with a red stripe.

A relative of Young's told police the anonymous witness identified defendant as the shooter. However, when the police showed the witness photo spreads that included defendant's photo, she could not, on two separate occasions, identify him. In fact, at the second photo spread she identified

---

[3] This background summary is based on the testimony at the preliminary hearing.

someone else as the shooter. The police could not locate any other eyewitness.

Surveillance footage from a camera near the club showed the shooter was left-handed and wore a jacket similar to the one the anonymous witness said the shooter was wearing. Another surveillance video from a location on Townsend Street about a block from the scene showed defendant, along with several other individuals, getting out of a dark sedan before the shooting.

When interviewed, defendant admitted to having been at the club on the night of the shooting, but he denied knowing anything about it. Defendant also denied owning a jacket like the one described by the anonymous witness or owning a shirt like the one depicted in the video of the shooting. An officer who observed the interview noted defendant wrote with his left hand.

### October 2012 Shooting

On October 1, 2012, police officers responded to a report of shots fired on the corner of Plymouth Avenue and Broad Street in San Francisco. Officer Fortuno interviewed S.S., who told him that he had been hanging out on the corner when a silver van pulled up. S.S. said the driver of the van, later identified as defendant, was shouting at his friend T.S. and shot him.

### Original Sentence

Defendant was charged with multiple counts in connection with the two shootings.[4] As to the March 2012 incident, defendant was charged with first degree murder (§ 187, subd. (a); count I) and discharging a firearm at an occupied vehicle (§ 246; count II). As to the October 2012 incident, defendant was charged with, among other things, assault with a semiautomatic firearm

---

[4] We discuss only those charges relevant to the issues on appeal.

(§ 245, subd. (b); count IV), with a great bodily injury enhancement (§ 12022.7, subd. (a)).

In July 2013, defendant entered into a negotiated plea agreement. He pled guilty to voluntary manslaughter (count I) and admitted an allegation that he was a principal armed with a firearm in the commission of a felony. (§§ 192, subd. (a), 12022, subd. (a)(1).)[5] He also pled guilty to assault with a semiautomatic firearm as alleged in count IV, and admitted the great bodily injury allegation as to that count. Defendant was sentenced to a total of 17 years in state prison.

### Section 1172.6 Petition and Resentencing

In January 2022, defendant filed a petition for resentencing pursuant to former section 1170.95 (now section 1172.6). The trial court accepted the parties' stipulation that defendant was entitled to relief on his manslaughter conviction and the related enhancement.

At the resentencing hearing, the court—over defendant's objection—designated section 246 (shooting at an occupied vehicle) as the target offense in place of the vacated manslaughter conviction and designated the section 245 (assault with a semiautomatic firearm) conviction as the principal term. The court imposed the upper sentence of nine years for the principal term, the term of three years for the great bodily injury enhancement, and the term of one year eight months for the section 246 charge, for a total of 13 years eight months.

---

[5] The prosecution amended the information to make count I voluntary manslaughter (§ 192, subd. (a)), and added an allegation of a principal armed with a firearm in the commission of a felony (§ 12022, subd. (a)(1)).

4

## DISCUSSION

Since it resolves the instant appeal, we address only defendant's claim that his conviction of the redesignated target offense, shooting at an occupied vehicle (§ 246), is unsupported by sufficient evidence, since it is based on the same facts as the voluntary manslaughter conviction which the prosecution conceded could not be proven beyond a reasonable doubt on the record before the court.

Under section 1172.6, subdivision (e), if murder was charged generically in the information and the target offense was not charged, the conviction shall be redesignated as the target offense or underlying felony for resentencing purposes. (See *People v. Silva* (2021) 72 Cal.App.5th 505, 517 (*Silva*).) A target offense that was dismissed pursuant to a plea agreement at the original sentencing constitutes a target offense that was not charged for section 1172.6 resentencing purposes. (*People v. Arellano* (2022) 86 Cal.App.5th 418, 432, review granted Mar. 15, 2023, S277962.)

At resentencing, the burden is on the prosecution to prove any redesignated crimes because designation of a new crime in lieu of a murder conviction is analogous to a criminal conviction. (*Silva*, *supra*, 72 Cal.App.5th at pp. 526–527.) In *In re I.A.* (2020) 48 Cal.App.5th 767, the court concluded "Full and effective appellate review" requires that redesignated offenses be "proven beyond a reasonable doubt" and "supported by substantial evidence on appeal."[6] (*Id.* at p. 775; see *Silva*, at pp. 533–534 (conc. opn. of Streeter, J.) [discussing why beyond a reasonable doubt standard is compelled both as a matter of constitutional due process and statutory interpretation]; but see *id.* at p. 527 (maj. opn. of Pollak, P. J.)

---

[6] Both parties have assumed in their briefing that the beyond a reasonable doubt standard applies.

5

[declining to decide which standard of proof—preponderance of the evidence, clear and convincing proof, or proof beyond a reasonable doubt—applies to redesignation of target offense].) The trial court sits as the trier of fact in section 1172.6 proceedings, and its findings will be upheld on appeal if supported by substantial evidence. (*Silva*, at pp. 529–530; *People v. Del Rio* (2023) 94 Cal.App.5th 47, 56 (*Del Rio*) [redesignated robbery conviction was not supported by substantial evidence based on hearsay in probation report].)

The Attorney General first claims defendant is mistaken in stating the prosecutor conceded the evidence did not support a conviction for voluntary manslaughter conviction beyond a reasonable doubt. He maintains the "prosecutor merely stipulated that the evidence could not prove [defendant] was either the actual shooter or an aider and abettor who acted with the malice aforethought required to be convicted of the target offense of manslaughter." However, the record shows otherwise.

In its supplemental response to the petition for resentencing, the prosecution conceded not only that it could not prove that defendant was not the actual shooter or a major participant acting with reckless indifference, but also that it could not prove a section 246 violation. Specifically, the prosecution acknowledged that section 1172.6 would allow for redesignation of section 246 as the target offense or underlying felony, but stated: "The People do believe, however, that there must be evidence of that redesignated crime within the evidence before this Court, as is required of any enhancements[,] and *concede that we cannot prove such beyond a reasonable doubt upon current known evidence*. [Defendant's] guilty plea stipulation of a

6

factual basis was based upon the preliminary hearing transcript, without any other specifics provided."[7]  (Italics added.)

The Attorney General next maintains that even if there was insufficient evidence to support a finding defendant was the shooter, there is evidence to support a finding he was guilty of *aiding and abetting* the perpetrator in shooting at an occupied vehicle.[8]  "Generally, to be convicted under an aiding and abetting theory, a defendant must 'act with knowledge of the criminal purpose of the perpetrator and with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense.' " (*People v. White* (2014) 230 Cal.App.4th 305, 317, quoting *People v. Beeman* (1984) 35 Cal.3d 547, 560.)  Because shooting at an occupied vehicle is a general intent crime, the Attorney General asserts defendant "need only knowingly and intentionally facilitate the direct perpetrator's commission of the crime, without intending some additional result or consequence not required for the crime." (*White*, at p. 317.)

"Factors relevant to a determination of whether [a] defendant [is] guilty of aiding and abetting include: presence at the scene of the crime,

---

[7]  The Attorney General's suggestion that the trial court may have rejected the prosecution's concession as improvident is also unsupported by the record.  At the resentencing hearing, the trial court made no mention of the prosecution's concession, let alone offered any reason why it was improvident.

[8]  We note our review in this case is complicated by the fact the trial court made no factual findings when resentencing defendant based on the section 246 violation.  (See, e.g., *Del Rio*, *supra*, 94 Cal.App.5th at p. 56 [trial court failed to make factual findings at § 1172.6 hearing before convicting the defendant of robbery]; *Silva*, *supra*, 72 Cal.App.5th at p. 530 [where trial court redesignates offense based on underlying felony or target offense never charged, court must make factual findings on the defendant's guilt].)

companionship, and conduct before and after the offense." (*People v. Singleton* (1987) 196 Cal.App.3d 488, 492.)

The Attorney General cites to the following evidence: (1) police officers' preliminary hearing testimony that they reviewed surveillance camera footage and identified defendant as one of four occupants of the suspect vehicle, (2) defendant's admission to being in the area the night of the shooting, and (3) his admission to being a principal armed with a firearm during the commission of a felony in connection with his guilty plea to voluntary manslaughter.

As defendant points out, however, the testimony of the officers did not pertain to the video of the shooting, but to the video showing defendant emerging from the suspect vehicle at a different location at least a block away. Defendant's admission was only that he was at the club that night, not that he was present during the shooting. Moreover, the only eyewitness to the shooting was twice unable to identify defendant in photo lineups, and during the second lineup, she identified someone else.

The Attorney General also argues defendant's admission to being a principal in possession of a firearm during the commission of a felony suffices to support a conviction of the redesignated target offense beyond a reasonable doubt. However, he cites no authority in support of the contention that admitting an enhancement to a vacated conviction suffices as proof of guilt for redesignation.

In sum, we conclude the prosecution's concession in the trial court was well taken, the redesignated section 246 target offense was not proven beyond a reasonable doubt, and reversal is required. We therefore vacate defendant's sentence and return the matter to the trial court to conduct a full

8

resentencing.[9] (*People v. Buycks* (2018) 5 Cal.5th 857, 893 [when part of sentence is stricken on review, remand for full resentencing as to all counts is appropriate for trial court to exercise its discretion in light of changed circumstances]; *People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["[A]n aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme."].) We express no opinion as to how the trial court should exercise its discretion on remand.[10]

## DISPOSITION

Defendant's conviction for shooting at an occupied vehicle (§ 246) is reversed and his sentence is vacated. We remand for a full resentencing. The judgment is otherwise affirmed.

---

[9] The Attorney General asserts remand is unnecessary because " 'it is highly unlikely' " the court will impose a shorter sentence, quoting *Silva, supra,* 72 Cal.App.5th at page 532. However, in *Silva,* the conviction that was reversed for insufficient evidence did not contribute to the length of the sentence. (*Ibid.*) The Attorney General also points out the trial court selected the upper term on count IV and declined to strike defendant's prior strike conviction. However, the court made those decisions in the context of defendant facing two felony convictions stemming from two different cases. Because one of those convictions has been reversed, it is not clear how the trial court may exercise its sentencing discretion in light of the changed circumstances.

[10] Defendant suggests in his appellate briefing that the trial court should impose a low term sentence based on his youth, childhood trauma, and his progress in custody. Defendant is, of course, free to raise that argument on remand.

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Castro, J.*

**Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A166175, People v. Smith