Filed 7/10/24  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JIMMIE LEE JONES, SR.,<br><br>    Defendant and Appellant. | C098552<br><br>(Super. Ct. No. 15F7519) |

In 2016, a jury found defendant Jimmie Lee Jones, Sr., guilty on numerous felony charges and found true a great bodily injury enhancement.  The trial court also found true allegations that defendant was previously convicted of strike offenses (Pen. Code, § 1170.12)[1] and three serious felonies (§ 667, subd. (a)), and served four prior prison

---

[1]  Undesignated statutory references are to the Penal Code.

1

terms (§ 667.5, subd. (b)). The trial court sentenced defendant to an aggregate term of 126 years to life in state prison.

In November 2021, the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court noting an error in defendant's sentence. The court corrected the error. Days later, the court put the matter back on calendar and struck the prior prison term enhancements, reducing defendant's sentence to 93 years to life in state prison. Defendant was not present at either resentencing.

On appeal, defendant contends the trial court erred in failing to give him a full resentencing, including the right to be present at the resentencing hearing. The People concede the error. We accept the People's concession, vacate the sentence, and remand the matter for further proceedings.

## I. DISCUSSION

On February 25, 2016, a jury found defendant guilty on four counts of assault with a deadly weapon (§ 245, subd. (a)(1)—counts 1, 2, 4, 5), making criminal threats (§ 422—count 3), hit and run (Veh. Code, § 20002, subd. (a)—count 6), corporal injury to a cohabitant (§ 273.5, subd. (a)—count 7), and attempted corporal injury to a cohabitant (§§ 664/273.5—count 8). Relative to count 5, the jury also found true an allegation that defendant inflicted great bodily injury on his victim.

In a bifurcated proceeding, the trial court found true allegations that defendant was previously convicted of three strike felonies (§ 1170.12) and three serious felonies (§ 667, subd. (a)), and served four prior prison terms (§ 667.5, subd. (b)). The court sentenced defendant to an aggregate term of 126 years to life in state prison. A week later, the court recalled defendant's sentence pursuant to section 1170, subdivision (d), citing errors in the calculation of defendant's term.

On May 20, 2016, the trial court corrected those calculation errors and resentenced defendant. The total term, however, remained the same: 126 years to life in state prison.

2

Several years later, on November 2, 2021, the CDCR notified the trial court of an error in the amended abstract of judgment: "The Indeterminate Amended Abstract of Judgment and Minute Order reflect three enhancements pursuant to PC 667(A)(1) each with 5 years imposed with 15 years concurrent as to Counts 1 and 4. Penal Code Section 667(A) is punishable by an additional and consecutive term of 5 years." Citing the decision in *People v. Hill* (1986) 185 Cal.App.3d 831, the CDCR requested the trial court review the record and make any necessary corrections.

On its own motion, the trial court appointed counsel for defendant and set the matter for hearing.

On March 20, 2023, counsel appeared before the trial court; defendant was not present. The court indicated it was error to impose the three section 667, subdivision (a) enhancements on more than a single conviction. Accordingly, the court struck all but three of the enhancements.

Eight days later, the trial court again set the matter for resentencing, counsel appeared before the court, and once again, defendant was not present. The court noted that it was required to apply any "changes to the law in sentencing" when it addressed the section 667, subdivision (a) errors. The court thus struck the section 667.5, subdivision (b) enhancements, leaving defendant with an aggregate term of 93 years to life in state prison.

Defendant filed a timely notice of appeal.

On appeal, defendant argues he was entitled to a full resentencing hearing when the court struck the section 667.5, subdivision (b) enhancements, including the right to be present at the hearing. The People agree. Having reviewed the record on appeal and applicable law, we accept the People's concession. We will remand the matter for a full resentencing pursuant to the procedures described in section 1172.1.

## DISPOSITION

The sentence is vacated, and the matter remanded for a full resentencing pursuant to section 1172.1.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

KRAUSE, J.

/S/

_____

MESIWALA, J.

4