Filed 9/11/24  P. v. Heard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C098963 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR-002548) |
| v. | |
| SHANE MICHAEL HEARD, | |
| Defendant and Appellant. | |

Defendant pleaded guilty to two counts of arson of forest land and admitted he had previously been convicted of a serious felony and arson.  At sentencing, defendant asked the trial court to dismiss the prior serious felony conviction, two sentencing enhancements, and an allegation that defendant committed the arson during a state of emergency.  The trial court declined defendant's requests and sentenced him to 23 years in prison, including a concurrent sentence for the second arson count.

1

Defendant contends the trial court abused its discretion by declining to dismiss the prior serious felony conviction, the enhancements, and the state of emergency allegation. The People ask us to remand for resentencing, contending the trial court lacked discretion to impose concurrent sentences because defendant committed the two arsons three days apart and Penal Code section 667, subdivision (c)(6) requires consecutive sentences when a defendant has a prior serious felony conviction and "there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts." (Statutory section citations that follow are found in the Penal Code unless otherwise stated.) We agree that the trial court could not impose concurrent sentences without first striking the prior serious felony conviction.

Because the trial court misunderstood its sentencing discretion and imposed an unauthorized sentence, we will vacate defendant's sentence and remand for the court to reconsider its sentencing choices. As we are vacating defendant's sentence, we need not address his contention that the court abused its discretion.

## FACTS AND HISTORY OF THE PROCEEDINGS

The People charged defendant with 37 felonies and a misdemeanor based on a series of 13 fires defendant started on the side of various roads in Tehama County. Pursuant to a negotiated plea, defendant pleaded guilty to two counts of arson of forest land. (§ 451, subd. (c).) Defendant admitted setting the first fire on October 10, 2022, and the second on October 13, 2022. Defendant admitted committing the first arson during a state of emergency. (§ 454.) Defendant also admitted he had previously been convicted of arson, which counted as a prior serious felony conviction under both section 667, subdivisions (b) through (i) (a prior "strike" conviction) and section 667, subdivision (a), and counted as a prior felony arson conviction under section 451.1, subdivision (a)(1).

At sentencing, defendant asked the trial court to dismiss the prior strike conviction; the five-year sentence enhancement for the prior serious felony conviction; the three-, four-, or five-year sentence enhancement for the prior arson conviction; and the finding that defendant committed the arson during a state of emergency, which defendant considered an enhancement. As mitigating factors, defendant argued he did not have an extensive criminal record, he suffered from mental health conditions including substance abuse, he had suffered childhood trauma, he had considerable family support, and his prior strike conviction occurred 18 years ago. Defendant also pointed to six statutory mitigating factors in section 1385, subdivision (c)(3): multiple enhancements were alleged in the case, the application of an enhancement could result in a sentence of over 20 years, the offense was connected to mental illness and childhood trauma, the offense was not a violent felony under the applicable statute, and the prior conviction was more than five years old.

The People responded that the trial court should not dismiss the prior strike conviction despite its age because defendant had committed several crimes in the interim and his repeated acts of starting a fire in dangerous conditions showed "callous disregard for life and property." The People also argued the court should not dismiss the enhancements because doing so would endanger public safety. At the hearing, a battalion chief with the Department of Forestry and Fire Protection testified that defendant had started fires near homes at a time when fire response personnel were "stretched thin," which meant each of the fires had "the potential to spread, cause massive destruction, loss of life, loss of property, loss of natural resources."

The presentence report prepared by the probation officer indicated that the sentences for each count of arson should be imposed consecutively because the two "crimes and their objectives were independent of each other" and the "crimes were committed at different times and separate places which indicates a pattern of aberrant

3

behavior." (See Cal. Rules of Court, rule 4.425(a)(1), (3).) The People likewise argued the sentences should be imposed consecutively.

After considering the parties' arguments and evidence, the trial court declined defendant's requests to strike the prior strike conviction, the enhancements, and the state of emergency admission. The court did "not find that striking the prior strike in this case would be in furtherance of justice and, again, the nature of this offense, the seriousness, as well as the multiple arsons, and all the factors I've considered, leads me to the decision that the prior strike is appropriate. That the spirit of the three-strikes law would not be violated in this case. In fact, it appears as though this type of repeat offender -- in other words, arson back in 2005 and arsons now -- is something the law was written to try to prevent." With regard to the enhancements, the court found that dismissing the enhancements would endanger public safety because "this is specifically a more dangerous situation where a repeat arsonist sets multiple fires after being convicted of arson" and "it did not appear through the evidence today or the probation report that the defendant acknowledged the danger that he caused."

The trial court sentenced defendant to the middle term of seven years in prison for the first count of arson of forest land, with the sentencing triad elevated because defendant committed the arson during a state of emergency. (§ 454, subd. (b).) The court doubled this term to 14 years in prison due to the prior strike conviction. The court imposed a five-year sentence enhancement for the prior serious felony conviction and selected the middle term four-year sentence enhancement for the prior arson conviction. For the second arson count, the court imposed the middle term sentence of four years in prison, doubled to eight years due to the prior strike conviction. The court imposed the sentence to run concurrent to the first count, explaining: "The Court understands that there is a valid argument to sentence the defendant consecutively. I don't think I'm bound to sentence him concurrently; however, the Court's choosing the totality of the circumstances and the interest of justice to sentence the defendant concurrently. . . ."

4

Defendant timely appealed from the judgment.

DISCUSSION

As noted above, we agree with the People that we must vacate defendant's sentence and remand for resentencing because the trial court did not understand that it lacked the discretion to impose concurrent sentences for the two arson counts once the court had declined to dismiss the prior strike conviction.

Our Supreme Court has described "the mandatory consecutive-sentencing provision" in section 667, subdivision (c)(6) as follows: "If there are two or more current felony convictions 'not committed on the same occasion,' i.e., not committed within close temporal and spacial proximity of one another, *and* 'not arising from the same set of operative facts,' i.e., not sharing common acts or criminal conduct that serves to establish the elements of the current felony offenses of which defendant stands convicted, then 'the court shall sentence the defendant consecutively on each count' pursuant to subdivision (c)(6). Conversely, where a sentencing court determines that two or more current felony convictions were either 'committed on the same occasion' or 'aris[e] from the same set of operative facts' as we have construed those terms in *Deloza* and the instant case, consecutive sentencing is not required under the three strikes law, but is permissible in the trial court's sound discretion." (*People v. Lawrence* (2000) 24 Cal.4th 219, 233.)

In *People v. Lawrence*, our Supreme Court noted that "two criminal episodes were separated spacially by at least one to three city blocks, and temporally by two to three or more minutes," could not have been "committed on the same occasion," under section 667, subdivision (c)(6). (*Lawrence*, *supra*, 24 Cal.4th at p. 234; see *id.* at p. 229 [" 'The phrase "committed on the same occasion" is commonly understood to refer to at least a close temporal and spatial proximity between two events' "].) The court also explained that "where the elements of the original crime have been satisfied, any crime

5

subsequently committed will not arise from the same set of operative facts underlying the completed crime; rather such crime is necessarily committed at a different time." (*Id.* at p. 232.)

Here, the trial court did not make a finding as to whether the two arsons were "committed on the same occasion" or "ar[ose] from the same set of operative facts," but the undisputed evidence supports only a finding they did not. Specifically, defendant admitted he started the two fires three days apart. This means that, as a matter of law, the two arson convictions were not "committed on the same occasion" and did not "arise from the same set of operative facts." In these circumstances, section 667, subdivision (c)(6) required the trial court to impose consecutive sentences, unless the court dismissed the prior strike conviction, which would make section 667, subdivision (c)(6) inapplicable. The court did not dismiss the prior strike conviction, so it lacked the discretion to impose concurrent sentences.

The People concede remand is appropriate, and we agree. "[O]n remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) "This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.) We need not address defendant's arguments that the trial court abused its discretion because the trial court will be exercising its discretion anew in changed circumstances on remand. Defendant should make his arguments to the trial court in the first instance.

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to the trial court for

6

resentencing.  The judgment is otherwise affirmed.

                                                      _____

                                                      HULL, Acting P. J.

We concur:

_____

BOULWARE EURIE, J.

_____

WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.