Filed 1/30/24  P. v. Harvey CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C098831 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20-00365) |
| v. | |
| JUNIOR GLENOBRIEN HARVEY, | |
| Defendant and Appellant. | |

Defendant Junior Glenobrien Harvey appeals after the trial court resentenced him in two cases after receiving a letter from the California Department of Corrections and Rehabilitation (CDCR) alerting the court to a possible sentencing error.  Defendant's appointed counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)

After examining the record, it appears the trial court inadvertently failed to dismiss the remaining charges in one of defendant's cases after accepting his plea.  We shall

1

modify the judgment to dismiss the remaining counts as contemplated by the parties. We find no other arguable error that would result in a disposition more favorable to defendant and affirm the judgment as modified.

## BACKGROUND

While driving with his girlfriend in January 2020, defendant punched his girlfriend in the face after they got in an argument. Defendant's punch resulted in a bloody nose.[1]

Based on the altercation, in February 2020 defendant was charged in Yuba County case No. CRF2000365 (the Yuba County case) with corporal injury on someone with whom he was in a dating relationship (Pen. Code,[2] § 273.5, subd. (a); count I), false imprisonment by violence (§ 236; count II), and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count III). He was released on bail.

In February 2021, while out on bail in the Yuba County case, a jury found defendant guilty of mayhem (§ 203) in Butte County case No. 20CF03420 (the Butte County case). He was sentenced in March 2021 to four years in state prison with a stayed out-on-bail enhancement of two years under section 12022.1.

In August 2021, defendant agreed to plead no contest to the corporal injury offense (count I) in the Yuba County case in exchange for a stipulated low term of two years, to run concurrent to the state prison term defendant was already serving in the Butte County case. Defendant waived a presentence probation report and requested to be sentenced at the hearing.

The trial court immediately sentenced defendant to the stipulated two-year term concurrent to the in-progress sentence in the Butte County case. The court imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation restitution fine, which was

---

[1] Defendant stipulated to these facts as the basis for his plea.

[2] Further undesignated statutory references are to the Penal Code.

suspended unless parole was revoked (§ 1202.45), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court security assessment (§ 1465.8). The court awarded credits in both cases.

In January 2023, CDCR notified the trial court that the "[a]bstract of [j]udgment and/or the [m]inute [o]rder" for the Yuba County case might contain an error or be incomplete. CDCR noted that the abstract of judgment for the Butte County case reflected a stayed two-year section 12022.1 enhancement that had never been lifted even though defendant had pleaded no contest to the corporal injury offense in the Yuba County case and had been sentenced. CDCR's letter also noted that the Yuba County case (designated the primary offense) was imposed concurrently to the term previously imposed in the Butte County case (designated the secondary offense). "Pursuant to . . . section 12022.1[, subdivision] (d), '[t]he stay shall be lifted by the court hearing the primary offense at the time of sentencing for that offense and shall be recorded in the abstract of judgment.' " (Underlining omitted.) Citing *People v. Hill* (1986) 185 Cal.App.3d 831, CDCR stated that if the court determined there was an error, it was entitled to reconsider all sentencing choices upon resentencing defendant.

In April 2023, the trial court resentenced defendant. At the hearing, the court noted that under section 12022.1, subdivision (e), it was error to impose the sentence in the Yuba County case concurrent to the Butte County case[3] and that it also had to lift the stay on the out-on-bail enhancement in the Butte County case.

Prior to being resentenced, defense counsel explained that defendant objected to consecutive rather than concurrent terms, but that defendant declined the trial court's

---

[3]      Section 12022.1, subdivision (e) provides in relevant part: "If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any sentence for the secondary offense shall be consecutive to the primary sentence . . . ."

option of withdrawing from the plea agreement. Counsel orally moved the trial court to exercise its discretion under section 1385 to strike the Yuba County term that had been recalculated as a consecutive one year (one-third the midterm) for the corporal injury conviction. The trial court denied the motion.

Thereafter, the trial court resentenced defendant to one year on count I in the Yuba County case to run consecutive to the four-year sentence in the Butte County case; the trial court also lifted the stay on the two-year, out-on-bail enhancement (§ 12022.1) in the Butte County case. Defendant's total aggregate sentence was seven years in state prison. The court recalculated credits in both cases. Defendant timely appealed without a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

After examining the record, we have discovered a clerical error in the judgment. It appears the parties contemplated that defendant would plead no contest only to count 1 (the corporal injury offense) in the Yuba County case and that the remaining charges would be dismissed. After taking defendant's plea to count I, however, the trial court inadvertently failed to orally address counts II and III in the Yuba County case.

As the "court may not proceed as to the plea other than as specified in the [approved] plea" (§ 1192.5), it follows the trial court's silence at the sentencing hearing regarding dismissal of the remaining counts was not an exercise of judicial discretion but, rather, a clerical mistake in creating a record of the judgment. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) Accordingly, we will modify the judgment to reflect the dismissal of

4

counts II and III in the Yuba County case. Because the abstract of judgment properly reflects defendant's plea to the count I corporal injury offense (§ 273.5, subd. (a)) and no other counts in the Yuba County case, the abstract of judgment need not be amended in this regard. The same is true for the sentencing minutes, which already state that the remaining counts were dismissed.

## DISPOSITION

The judgment in Yuba County case No. CRF20-00365 is modified to dismiss counts II and III. As so modified, the judgment is affirmed.


/s/
Ashworth, J.[*]

We concur:


/s/
Earl, P. J.


/s/
Renner, J.

---

[*] Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5