Filed 9/11/25  P. v. Sahibi CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>OUSSAMA SAHIBI,<br><br>      Defendant and Appellant. | F088166<br><br>(Super. Ct. No. DF011676A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David E. Wolfe, Judge.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Dina Petrushenko and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Meehan, J. and Snauffer, J.

# INTRODUCTION

In 2023, this matter was remanded to the trial court in *Sahibi II* for resentencing following the California Supreme Court's decision in *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*), with instructions to the trial court to determine whether to grant defendant and appellant Oussama Sahibi relief from a Penal Code section 667, subdivision (a)(1),[1] enhancement in light of Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393).[2] The trial court declined to exercise its discretion to strike the enhancement and resentenced defendant. In this appeal, defendant challenges the trial court's decision not to grant any relief under section 1385 and he seeks relief from his admissions to two gang enhancements under Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333).

The People concede entitlement to relief under Assembly Bill 333. They contend this renders defendant's claims of error under section 1385 moot, but they dispute any errors occurred if we reach the merits of those claims.

Given that judgment in this case is not final, Assembly Bill 333 applies retroactively under the rule from *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*), and defendant is entitled to vacatur of his admissions to the gang enhancement allegations and his sentence. (*People v. Lopez* (2025) 17 Cal.5th 388, 398 (*Lopez*).) We remand for further proceedings consistent with this opinion. (*Id.* at p. 400; *People v. Ramirez* (2022) 79 Cal.App.5th 48, 64, fn. 4.) This disposition renders defendant's claims of sentencing error under section 1385 moot, and we do not reach those claims. On remand, the parties

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] We take judicial notice of the nonpublished opinions in *People v. Sahibi* (Nov. 21, 2003, B161149) (*Sahibi I*) and *In re Sahibi* (Apr. 27, 2023, F083352) (*Sahibi II*). (Evid. Code, §§ 452, subd. (d), 459.) *Sahibi III*, in which the Court of Appeal, Second District, Division One, affirmed the Los Angeles Superior Court's order denying defendant's petition for relief under section 1172.6, is not relevant to this appeal and is not discussed. (*People v. Sahibi* (Aug. 28, 2024, B333568) [nonpub. opn.].)

may raise any additional issues relating to ameliorative legislation they deem relevant under the circumstances in this case. (*Lopez, supra*, at p. 400.)

## PROCEDURAL HISTORY

In 2002, in Los Angeles Superior Court case No. BA220851, defendant was convicted in Los Angeles County of second degree murder, attempted murder, and assault with a firearm, with firearm and gang enhancement findings. (*Sahibi I, supra*, B161149 [§§ 187, subd. (a), 664, 245, subd. (a), 186.22, subd. (b)(1), 12022.53, subds. (b), (c), (d), 12022.5, 12022.7, subd. (a)].) He was sentenced to 65 years to life in prison. Defendant appealed and his judgment was affirmed by the Court of Appeal in 2003. (*Sahibi I, supra*, B161149.)

In 2014, in Kern Superior Court case No. DF011676A, defendant was charged in Kern County with two counts of assaulting peace officers, with gang, great bodily injury (GBI), and prior felony conviction enhancements. (§§ 245, subd. (c), 186.22, subd. (b)(1)(B), 12022.7, subd. (a), 667, subd. (a)(1).) The complaint also alleged that defendant had three prior serious or violent felony convictions within the meaning of the Three Strikes law, stemming from his convictions in Los Angeles Superior Court case No. BA220851.

In 2015, pursuant to a negotiated plea bargain, defendant pleaded no contest to assault on a peace officer with a weapon or instrument other than a firearm, or by means likely to produce GBI, with gang and GBI enhancement admissions (§§ 245, subd. (c), 186.22, subd. (b)(1)(C), 12022.7, subd. (a); count 1); and assault by means of force likely to produce GBI with a gang enhancement admission (§§ 245, subd. (a)(4), 186.22, subd. (b)(1)(B); count 7). He also admitted having three prior felony convictions for the purpose of a prior felony conviction enhancement and sentencing under the Three Strikes law. Pursuant to the plea agreement, the trial court struck two of defendant's prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and sentenced him to a determinate term of 35 years as follows: the upper term of five years

3.

on count 1, doubled to 10 years, with 10 years for the gang enhancement, three years for the GBI enhancement, and five years for the prior felony conviction enhancement; and one-third of the middle three-year term, doubled to two years, with five years for the gang enhancement. Defendant did not appeal.

In May 2020, pursuant to section 1172.1, subdivision (a)(1) (formerly § 1170, subd. (d)(1)), the Department of Corrections and Rehabilitation (CDCR) notified the trial court of a sentencing error in Kern Superior Court case No. DF011676A. The letter identified the five-year gang enhancement term attached to count 7 as erroneous and stated it should be one-third of the term selected, or one year eight months. (§ 1170.1, subd. (a).) Citing *People v. Hill* (1986) 185 Cal.App.3d 831, the letter also notified the trial court it could reconsider all sentencing choices. Without holding a hearing, the trial court corrected the error, reduced defendant's sentence to 31 years eight months, and issued an amended abstract of judgment.

In January 2021, defendant filed a habeas petition in the trial court arguing that he should be permitted to withdraw his plea based on ineffective assistance of counsel and coercion, and that the trial court should have reduced his sentence under Senate Bill 1393. In March 2021, the trial court denied the petition and concluded, in relevant part, that defendant's sentence had been corrected consistent with CDCR's letter and his sentence was final. In May 2021, defendant filed a habeas petition in this court claiming the trial court should have reduced his sentence under Senate Bill 1393.[3] In July 2021, this court summarily denied the petition, without prejudice as to the relief sought under Senate Bill 1393.

In September 2021, defendant filed the habeas petition in *Sahibi II*. After seeking a supplemental return and reply in light of the California Supreme Court's decision in *Padilla, supra*, 13 Cal.5th 152, this court granted relief in April 2023. (*Sahibi II, supra*,

---

[3] We take judicial notice of case No. F082735.

4.

F083352.)  The writ directed the Kern Superior Court to vacate defendant's sentence in Kern Superior Court case No. DF011676A, appoint counsel, and hold a new sentencing hearing to determine whether to grant defendant relief from the prior felony conviction enhancement in light of Senate Bill 1393.  (*Sahibi II, supra*, F083352.)

On June 6, 2024, the trial court held a resentencing hearing following issuance of remittitur.  In her sentencing memorandum, defendant's counsel argued that because his sentence had been vacated, defendant was entitled to a full resentencing.  Counsel argued that under Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), defendant could only be sentenced to the middle term given the absence of an admission or a finding beyond a reasonable doubt as to aggravating factor allegations.  She also argued all but one enhancement should be dismissed under section 1385, subdivision (c), and the gang enhancements must be stricken under Assembly Bill 333.

The prosecutor filed an opposition and argued that the remittitur limited the trial court's exercise of discretion to consideration of dismissing the prior felony conviction enhancement under Senate Bill 1393.  He contended the full resentencing rule did not apply when the remittitur limited the remand, and he opposed dismissal of the prior felony conviction enhancement.

The trial court concluded it was limited by the remittitur to considering relief under Senate Bill 1393, and it declined to dismiss the enhancements.  In the alternative, assuming defendant was entitled to a full resentencing, the court found the original sentence appropriate and reimposed it as follows:  a 10-year term for assault on count 1 with an additional 18 years for the gang, GBI, and prior felony conviction enhancements, and a two-year term on count 7 with a one-year term for the gang enhancement, for a total determinate term of 31 years.[4]  Defendant inquired about the gang enhancements

_____

[4]    This was error.  One-third of the five-year term for the gang enhancement is one year eight months, and following CDCR's letter, defendant was resentenced to 31 years eight months.

5.

and stated he did not think they could be imposed anymore. The court responded it had reimposed the gang enhancements.

Defendant timely appealed. He claims the trial court violated his due process rights when it denied his request for dismissal of the prior felony conviction enhancement based, erroneously, on the *present* risk he poses to public safety, and when it failed to adhere to the analysis approved in *Walker*. (*People v. Walker* (2024) 16 Cal.5th 1024.) He also claims the trial court violated his due process rights when it failed to dismiss the enhancements and impose only one enhancement under section 1385, subdivision (c). Finally, he claims the trial court erred when it failed to vacate the gang enhancements in light of Assembly Bill 333.

The People concede the gang enhancements should be vacated under Assembly Bill 333. They contend resolution of that claim in defendant's favor renders his claims of error under section 1385 moot, but the trial court did not commit reversible error in any event.

We vacate the gang enhancement admissions, vacate defendant's sentence, and remand for further proceedings consistent with this opinion.

## DISCUSSION

## I.    Assembly Bill 333

Defendant admitted two gang enhancements in 2015 pursuant to a plea agreement. "In 2021, the Legislature passed Assembly Bill 333, enacting the STEP Forward Act of 2021. (Stats. 2021, ch. 699, § 1.) 'Assembly Bill 333 made the following changes to the law on gang enhancements: First, it narrowed the definition of a "criminal street gang" to require that any gang be an "ongoing, *organized* association or group of three or more persons." (§ 186.22, subd. (f), italics added.) Second, whereas section 186.22, former subdivision (f) required only that a gang's members "individually or collectively engage

(§§ 186.22, subd. (b)(1)(B), 1170.1, subd. (a).) Our disposition in this matter renders this error moot, but we note it for the court and parties on remand.

6.

in" a pattern of criminal activity in order to constitute a "criminal street gang," Assembly Bill 333 requires that any such pattern have been "*collectively* engage[d] in" by members of the gang. (§ 186.22, subd. (f), italics added.) Third, Assembly Bill 333 also narrowed the definition of a "pattern of criminal activity" by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang "members," as opposed to just "persons"; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. (§ 186.22, subd. (e)(1), (2).) Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any "common benefit" be "more than reputational." (§ 186.22, subd. (g).)'" (*Lopez, supra*, 17 Cal.5th at pp. 395–396, quoting *People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).)

Under *Estrada*, "'When the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory [statute] imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final. This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology.'" (*Lopez, supra*, 17 Cal.5th at p. 394, quoting *Estrada, supra*, 63 Cal.2d at p. 745.)

"*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.'" (*Lopez, supra*, 17 Cal.5th at

7.

pp. 394–395, quoting *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 301.) "Assembly Bill 333 added new elements to the substantive offense and enhancements in the gang statute, and[, therefore,] its substantive changes to [section 186.22] apply retroactively to all nonfinal cases under [the rule of] *Estrada*." (*Lopez, supra*, at p. 394, citing *Tran, supra*, 13 Cal.5th at p. 1207.)

## II. Defendant's Judgment is Nonfinal

As *Lopez*, which was decided during the pendency of this appeal, explained, "In the criminal law context, when ameliorative legislation goes into effect, we generally presume the Legislature intends the benefits of the new enactment to apply as broadly as constitutionally permissible to all nonfinal cases. (*In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).) The focus is on finality because ameliorative enactments can constitutionally apply to any case where the judgment is not yet final. (*Ibid.*) For purposes of *Estrada*, the test for finality is 'whether the criminal prosecution or proceeding *as a whole* is complete.' [Citation.] The meaning of finality in the *Estrada* context is distinct from the issue of whether a judgment is final for purposes of appealability." (*Lopez, supra*, 17 Cal.5th at p. 392, quoting *People v. Esquivel* (2021) 11 Cal.5th 671, 679.) "'In criminal actions, the terms "judgment" and "'sentence'" are generally considered "synonymous" [citation], and there is no "judgment of conviction" without a sentence.' [Citation.] Thus, when *any* aspect of a case is on appeal from sentencing, the 'case' or 'prosecution' has not been reduced to final judgment for *Estrada* purposes." (*Lopez, supra,* at p. 397, italics added, quoting & citing *People v. McKenzie* (2020) 9 Cal.5th 40, 46.) *Lopez* also clarified, "The scope of the superior court's jurisdiction as defined by a remittitur does not prevent the retroactive application of ameliorative laws." (*Lopez, supra*, at p. 396.)

Defendant did not appeal following his 2015 conviction and sentencing in Kern Superior Court case No. DF011676A, and judgment became final. (*Lopez, supra*, 17 Cal.5th at p. 392.) However, although the trial court did not hold a hearing, judgment

8.

was reopened, or rendered nonfinal, when defendant's sentence was recalled and he was resentenced in May 2020 under section 1172.1, subdivision (a)(1), formerly section 1170, subdivision (d)(1). (*Lopez, supra*, at p. 398.) Thereafter, in 2023 in *Sahibi II*, this court granted defendant relief on habeas corpus, vacated his sentence, and remanded for a new sentencing hearing. (*Padilla, supra*, 13 Cal.5th at p. 158.) This disposition, too, rendered judgment nonfinal and defendant was permitted to seek the benefit of ameliorative changes in the law to which the *Estrada* rules applies, including Assembly Bill 333, as he argued in the trial court. (*Lopez, supra*, at p. 398; *Padilla, supra*, at p. 163.)

The trial court and the parties did not have the benefit of *Lopez* at the time of defendant's resentencing in 2024 but, as *Lopez* subsequently clarified, the remittitur did not limit the court's jurisdiction to the change in the law effected by Senate Bill 1393 and, as the parties to this appeal agree, defendant is entitled to have the gang enhancement admissions vacated and to remand for further proceedings. In his reply brief, defendant seeks remand for resentencing while the People seek the opportunity to retry the gang enhancements, pursuant to the principle that the double jeopardy clause does not bar retrial where the reversal is not "'based on the insufficiency of the evidence required to prove a violation of the statute as it read at the time of trial .…'" (*People v. Sek* (2022) 74 Cal.App.5th 657, 669; accord, *People v. Salgado* (2022) 82 Cal.App.5th 376, 380–381; *People v. Ramos* (2022) 77 Cal.App.5th 1116, 1128, disapproved on another ground by *People v. Burgos* (2024) 16 Cal.5th 1, 31.) However, because defendant was convicted and made admissions pursuant to a plea agreement rather than suffering convictions and findings following a trial, and given the potential effect of other ameliorative legislation to which defendant may be entitled, the parties and the trial court must address the relevant issues, including the appropriate remedy, on remand. (*Lopez, supra*, 17 Cal.5th at p. 400; *People v. Ramirez, supra*, 79 Cal.App.5th at p. 64, fn. 4.)[5]

---

[5]    See, e.g., *People v. Stamps* (2020) 9 Cal.5th 685, 707 (in context of Sen. Bill 1393, which granted trial courts discretion to strike serious felony enhancement under § 1385, defendants are

**DISPOSITION**

Defendant's admissions to the gang enhancements attached to counts 1 and 7 are vacated, defendant's sentence is vacated, and this matter is remanded for further proceedings.

---

entitled to request relief, but courts are "not authorized to unilaterally modify the plea agreement by striking the serious felony enhancement but otherwise keeping the remainder of the bargain"); *People v. Prudholme* (2023) 14 Cal.5th 961, 979 (§ 1192.5 and *Stamps* do not apply where, in effecting Assem. Bill No. 1950 (2019–2020 Reg. Sess.), "Legislature intended that its new limitations on the maximum term of probation in amended section 1203.1 should be applied to existing, nonfinal plea agreements while otherwise maintaining the remainder of the bargain"); *People v. Flores* (2022) 77 Cal.App.5th 420, 446–452 (discussing *Stamps* remedy and *People v. Collins* (1978) 21 Cal.3d 208 principles in context of Assem. Bill No. 1950 (2019–2020 Reg. Sess.) and plea agreements); sections 1016.8, 1171, 1172.1.