Filed 12/16/25  P. v. Strunk CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D085230 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN441659) |
| GREG JOHN STRUNK, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Laura E. Duffy, Judge.  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Anne Spitzberg, Deputy Attorneys General, for Plaintiff and Respondent.

Greg John Strunk pleaded guilty to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)[1]; count 1), possession of heroin for sale (Health & Saf. Code, § 11351; count 2), possession of methamphetamine for sale (*id.*, § 11378; count 3), and being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 4). Strunk also admitted allegations that he personally inflicted great bodily injury on the victim with respect to count 1 (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)); he committed count 1 while out on bail for counts 2 and 3 (§ 12022.1, subd. (b)); he possessed over one kilogram of methamphetamine (Health & Saf. Code, § 11370.4, subd. (b)(1)); and he had one prior serious felony conviction (§§ 667, subd. (a)(1), 668, and 1192.7, subd. (a)) and one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, and 668).

Thereafter, the trial court sentenced Strunk in accordance with an indicated sentence the court offered at the time of Strunk's guilty plea. The court imposed a total prison sentence of 13 years and 8 months, consisting of the midterm of three years for count 1 as the principal term, plus a consecutive two-year term for the out-on-bail enhancement, a concurrent three-year term for count 2, a consecutive eight-month term on count 3, plus a consecutive three-year term for the weight enhancement, a concurrent two-year term for count 4, and a consecutive five-year term for the serious felony

---

[1]     Subsequent undesignated statutory references are to the Penal Code.

prison prior. Additionally, the court struck the great-bodily-injury enhancement and Strunk's strike prior.[2]

Strunk appealed the judgment of conviction. While the appeal was pending, the California Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter indicating an error in Strunk's sentence. Specifically, the CDCR notified the court it should have imposed one-third the middle term on the weight enhancement attached to count 3, because it was subject to the limitation of section 1170.1, subdivision (a), requiring enhancements for subordinate offenses to be sentenced at one third the full term. In response, the trial court set a status conference. At the conference, attended by Strunk's counsel and the district attorney, the court modified the judgment in accordance with the CDCR's letter, reducing the enhancement term from three years to one, resulting in a total prison term of eleven years and eight months.

Strunk then filed a notice of appeal from the modified judgment and dismissed his already-pending appeal. On appeal from the modified judgment, Strunk argues he was entitled to full resentencing as a result of the original imposition of the illegal term on the weight enhancement. He also claims that his right to be present at sentencing was violated by the court's decision to modify the judgment in his absence. In response, the Attorney General asserts these arguments were forfeited by his trial

---

[2]    After the present notice of appeal was filed, the trial court corrected the abstract of judgment to clarify it had stricken the great-bodily-injury enhancement under both sections 12022.7, subd. (a) *and* section 1192.7, subd. (c)(8). Strunk filed a motion to augment the record to include the amended abstract of judgment, but because the document was filed after the notice of appeal, this court issued an order construing the motion as a request for judicial notice and deferred a ruling on the request to this panel. We now take judicial notice of that amended abstract of judgment.

3

counsel's failure to object at the status conference.  Further, the Attorney General argues this was not ineffective assistance of counsel because counsel's failure to raise the issues Strunk now asserts for the first time on appeal was reasonable under the circumstances.  As we explain, we agree with the Attorney General and affirm the modified judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2023, police obtained a search warrant for Strunk's home.[3]  Around 6:45 p.m. that day, police saw Strunk leaving the house in a car driven by another individual.  Police stopped the car and detained Strunk and the driver.  Thereafter, the police conducted a search of Strunk's home and found evidence of drug sales, including a digital scale, five large bags of methamphetamine, and two bags of heroin.  The methamphetamine totaled 3.65 pounds with an estimated street value of $24,156, and the total weight of the heroin was 39.18 grams with an estimated street value between $1,567 and $2,350.  A loaded revolver was found in the garage with seven rounds of ammunition in the chamber.  Strunk was booked into jail that night.  The next day, he posted bail and was released from custody.

On February 25, 2023, police responded to a call of assault with a deadly weapon at a hotel.  The victim, who was acquainted with Strunk, told the responding officers that Strunk and another man had cornered and attacked him.  The victim stated that Strunk and the other man had beaten him to the ground, and that Strunk hit him repeatedly in the head with a metal pipe.  A warrant for the arrest of Strunk and his companion was issued, and Strunk was arrested several weeks later.

---

[3]     Because Strunk pleaded guilty, this factual summary is drawn from the probation officer's report.

4

The San Diego County District Attorney initially charged Strunk on March 9, 2023. On May 17, 2023, the district attorney filed an amended information charging him with assault with a deadly weapon (§ 245, subd. (a)(1); count 1), possession of heroin for sale (Health & Saf. Code, § 11351; count 2), possession of methamphetamine for sale (*id.*, § 11378; count 3), and being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 4). The information also alleged that in the commission of the assault, Strunk personally inflicted great bodily injury on the victim (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)) and committed the assault while out on bail for the drug offenses (§ 12022.1, subd. (b)). The information further alleged Strunk possessed over one kilogram of methamphetamine (Health & Saf. Code, § 11370.4, subd. (b)(1)), had one prior serious felony conviction (§§ 667, subd. (a)(1), 668, and 1192.7, subd. (a)), and had one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, and 668). In addition, the information alleged aggravating factors under section 1170.85, subdivision (a) and California Rules of Court, rules 4.421(a)(1), 4.421(a)(2), 4.421(a)(4), 4.421(a)(6), 4.421(a)(10), 4.421(b)(1), 4.421(b)(2), 4.421(b)(3), 4.421(b)(4).

On May 10, 2023, the trial court granted Strunk's motion to represent himself. After the commencement of trial, on June 5, 2023, Strunk pleaded guilty to all charges, allegations, and prior convictions contained in the amended information based on the court's indication it would strike Strunk's prior strike conviction and the great bodily injury enhancement allegation related to count 1. Before accepting Strunk's guilty plea, the court also explained it would not strike the prior serious felony allegation, and that it would sentence Strunk on the indicated sentence consisting of the midterm for count 1 as the principal term, plus the on-bail enhancement term; a

5

concurrent midterm for count 2; a consecutive midterm for count 3, plus the weight enhancement term; and a concurrent midterm for count 4.[4]

On August 3, 2023, the court denied Strunk's motion to withdraw his guilty plea. On August 22, 2023, the court appointed counsel for the sentencing hearing, and denied both a renewed motion by Strunk to withdraw his guilty plea and a motion to dismiss.

On October 17, 2023, the court sentenced Strunk in accordance with the indicated sentence. On count 1, the court imposed the midterm of three years in prison as the principal term, plus a consecutive two-year term for the section 12022.1, subdivision (b) out-on-bail enhancement, and struck the section 12022.7 great-bodily-injury enhancement. On count 2, the court imposed a concurrent three-year term. On count 3, the court imposed a consecutive eight-month term, plus a consecutive three-year term for the weight enhancement under Health & Safety Code section 11370.4, subdivision (b)(1). On count 4, the court imposed a concurrent two-year term. The court also imposed a consecutive five-year term for the serious felony prior. Finally, the court struck Strunk's strike prior, resulting in a total term

---

[4] In his guilty plea form, signed and entered by the court on June 5, 2024, Strunk stated, "I now plead guilty and admit the charges, convictions, and allegations described in Item 1. ... I admit that on the dates charged, I assaulted [the victim] with a deadly weapon on or about 2/25/23 as alleged in ct. 1, and at the time I did so, I was out on bail for the drug charges – charged in cts. 2 and 3. On 2/23/23 – I was in possession of heroin and I possessed it for purpose of sales. On 2/23/23, I was also in possession of more than 1 kilo of methamphetamine – which I possessed for purpose of sales. Finally, on 2/23/23, I unlawfully possessed and had under my control a firearm – after having been previously been convicted of a felony."

of 13 years, 8 months.  On November 14, 2023, Strunk filed a timely notice of appeal with a request for certificate of probable cause.[5]

On September 16, 2024, the trial court received a letter from a CDCR case records manager informing the court that section 1170.1, subdivision (a) requires subordinate offenses to be sentenced at one third of the term imposed for any specific enhancement and the count 3 enhancement was sentenced for a full term of three years, rather than one third of the term or one year.  The letter also informed the court that when it is "notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill [(1986)] 185 Cal.App.3d 831*."

On October 17, 2024, while Strunk's appeal was still pending in Case No. D083229, the trial court conducted a status conference at which it corrected the unauthorized three-year term on the count 3 enhancement by reducing that term by one-third, imposing a corrected total term of 11 years 8 months.  On December 3, 2024, Strunk filed a notice of appeal from that order initiating the present appeal.[6]

## DISCUSSION

Strunk asserts that the trial court erred by modifying his sentence without conducting a full resentencing hearing.  He also contends the trial

---

[5]    The trial court denied Strunk's request for a certificate of probable cause.  However, on May 24, 2024, the trial court vacated its denial order and issued a certificate of probable cause.  In the respondent's brief, the Attorney General requested we take judicial notice of the records in the initial appeal filed by Strunk (Case No. D083229).  Although this request does not comply with California Rules of Court, rule 8.252(a)(1), we take judicial notice of the records by our own motion.

[6]    On March 12, 2025, Strunk filed a notice of abandonment of his appeal in Case No. D083229, and this Court dismissed the appeal and issued the remittitur.

court violated his rights by correcting the sentence in his absence. Strunk asks this court to remand the matter for the trial court to conduct a resentencing hearing.

The Attorney General responds that Strunk's claims are forfeited because they were not raised in the trial court. Further, the Attorney General contends defense counsel's failure to object to the correction of the sentence did not constitute ineffective assistance of counsel because that decision was objectively reasonable and benefitted Strunk. In addition, the Attorney General asserts that because the judgment was not yet final at the time the trial court corrected the sentence, the court had jurisdiction to correct the unauthorized sentence and the correction "reflected a lawful sentence that the court intended to impose under the stipulated plea deal."

I

As a general matter, claims not raised in the trial court may not be raised for the first time on appeal. (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 326; *People v. Saunders* (1993) 5 Cal.4th 580, 589–590.) "[T]he right to challenge a criminal sentence on appeal is not unrestricted. In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have *required* parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim. [Citations.] These principles are invoked as a matter of policy to ensure the fair and orderly administration of justice." (*People v. Scott* (1994) 9 Cal.4th 331, 351 (*Scott*); see *In re Sheena K.* (2007) 40 Cal.4th 875, 881 [The purpose of the forfeiture rule is to avoid the situation where an objection would have permitted the trial court to address the concern or make a better record to support the court's decision.].)

Here, the parties agree that Strunk's counsel did not object to the court's modification of the sentence to correct the error identified by the CDCR.  In response to the Attorney General's assertion that the issues are forfeited, Strunk argues only that "an unauthorized sentence can be challenged on appeal even if no objection was raised at the trial court level." This is a correct statement of the law.  However, the unauthorized sentence at issue here was imposed at the initial sentencing hearing on October 17, 2023, when the court imposed a full-length consecutive three-year prison term, instead of the required one-third of the term, on the enhancement to the subordinate count 3 term.  (§ 1170.1, subd. (a) ["The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment ... and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."].)  As the Attorney General notes, despite not objecting to the unauthorized sentence at that time, Strunk could have challenged that unauthorized term on appeal. (*Scott, supra*, 9 Cal.4th at p. 354.)

At the postjudgment status conference, the court did not impose an unauthorized sentence, subject to correction without an objection in the trial court.  Rather, the court corrected the illegal sentence, identified by the CDCR, that it had previously imposed.  After the conference the sentence was no longer unauthorized.  Accordingly, the exception to the forfeiture doctrine for unauthorized sentences is not applicable here.  To preserve sentencing issues arising from the sentence correction, Strunk was obligated to raise any problem with the court's procedure, including the availability of resentencing and whether Strunk's presence was required.  The failure to do so forfeited these claims for purposes of appeal.  (See *Scott, supra*, 9 Cal.4th at p. 353 [counsel must understand, advocate, and clarify permissible choices for

9

sentencing because "[r]outine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention"].)

## II

Strunk also asserts that if this court concludes his trial counsel's failure to challenge the trial court's procedure on October 17, 2024, forfeited the issue of resentencing for purposes of appeal, that failure constituted ineffective assistance of counsel. We disagree.

"Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) That right "entitles the defendant not to some bare assistance but rather to *effective* assistance." (*Ibid*.) A defendant claiming ineffective assistance of counsel has the burden to show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *Ledesma*, at pp. 216, 218.) Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694.)

The record does not establish either that counsel's performance was deficient or that Strunk was prejudiced by the failure to request resentencing or to have appellant present at the October 2024 status conference. Importantly, where the record does not reflect why counsel acted, or failed to act, in the manner challenged, the case will be affirmed on direct appeal unless counsel was asked for an explanation and failed to provide one, or

10

unless there simply could be no satisfactory explanation. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) In addition, " ' "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " ' [Citation.] 'In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions.' " (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1051.) This court defers to reasonable tactical decisions made by defense counsel. (See *People v. Hinton* (2006) 37 Cal.4th 839, 876.) "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." (*Harrington v. Richter* (2011) 562 U.S. 86, 105.)

The record before this court contains no explanation for defense counsel's decision not to request a resentencing hearing, and/or request Strunk's presence during the postjudgment status conference where the court corrected the unauthorized prison term. In response to the trial court's explanation of the erroneous prison term and its intent to correct it by amending the minute order, defense counsel stated simply "understood." These circumstances do not establish an absence of satisfactory explanation for counsel's acquiescence in the corrected prison term. To the contrary, defense counsel's actions were objectively reasonable and support a conclusion that defense counsel had a rational tactical purpose for not requesting a full resentencing hearing. (See *People v. Weaver* (2001) 26 Cal.4th 876, 926 [" 'Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts.' "].)

11

Specifically, the trial court corrected the erroneous prison term and set it at the correct and legally valid term, thereby *reducing* the term originally imposed by two years. It is objectively reasonable that defense counsel believed Strunk received a lawful sentence, exactly as the trial court indicated at the time of the change of plea, and that no further reduction would be provided by the court. Given the court's imposition of the indicated sentence, and the fact that the record suggests the court made an inadvertent mistake by imposing the full three-year term on the weight enhancement, there is no reasonable likelihood a lesser sentence would result even if Strunk were to be resentenced. Because Strunk has failed to meet his burden under *Strickland*, his claim of ineffective assistance of counsel fails.

## DISPOSITION

The modified judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


KELETY, J.

12